UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STEPHEN T. SAMMARTANO, Plaintiff, :
v. :
: CA 06-535 S
RAYTHEON, Defendant. :

**ORDER**
**DIRECTING PLAINTIFF**
**TO FILE AMENDED COMPLAINT**

On December 8, 2006, Plaintiff Stephen T. Sammartano ("Plaintiff") filed a Complaint (Document ("Doc.") #1) and an Application to Proceed without Prepayment of Fees and Affidavit (Doc. #2) ("Application"). The Application has been referred to me for determination.

The Court declines to rule upon the Application at this time because Plaintiff's Complaint does not comply with the Federal Rules of Civil Procedure. Including exhibits, it exceeds fifty pages, many of which are single-spaced. Thus, the Complaint is not "a short and plain statement ... showing that the pleader is entitled to relief ...." Fed. R. Civ. P. 8(a);[1] see also Kuehl v. FDIC, 8 F.3d 905, 906 (1st Cir. 1993)(upholding dismissal of

---

[1] Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a) (bold added).

plaintiff's forty-three page complaint "because of its failure to conform to the concise pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure"); Salahuddin v. Cuomo, 861 F.2d 40, 43 (2nd Cir. 1988)(stating that plaintiff's fifteen page, single-spaced complaint contained "a surfeit of detail" and that the district court had discretion to strike or dismiss the complaint for noncompliance with Rule 8); Gray v. Derderian, 365 F.Supp.2d 218, 226 (D.R.I. 2005)("[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests .... Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.").

Pro se parties are required to comply with procedural rules. See Instituto de Educacion Universal Corp. v. U.S. Dep't of Education, 209 F.3d 18, 24 n.4 (1st Cir. 2000). Plaintiff is directed to file an amended complaint which complies with Rule 8(a) by January 16, 2007.[2] Plaintiff should title the amended

---

[2] The primary reason why the present Complaint (Doc. #1) fails to satisfy the "short and plain statement" requirement of Rule 8(a) is that it includes more than forty pages of single-spaced exhibits, many of which are printed in small font. While some of the fifty-seven paragraphs of the Complaint are unnecessarily detailed, see, e.g., ¶¶ 13-20, 41, and it would appear that Plaintiff's basic allegations could be stated more concisely, eliminating the exhibits would bring the Complaint within the liberal pleading standard afforded a pro se litigant, see Rodi v. Southern New England School of Law, 389 F.3d 5, 13 (1st Cir. 2004)("courts hold pro se pleadings to less demanding standards than those drafted by lawyers").

complaint "First Amended Complaint." If Plaintiff fails to file an amended complaint as directed, this Magistrate Judge will recommend that the Application be denied.

So ordered.

ENTER:

David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
December 27, 2006

BY ORDER:

Deputy Clerk