UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STEPHEN T. SAMMARTANO | : | |
| | : | |
| VS | : | C.A. NO. 06-535S |
| | : | |
| RAYTHEON | : | |

**ANSWER OF DEFENDANT RAYTHEON**

Defendant Raytheon responds to Plaintiff's Complaint and states as follows:

I. Introduction

The introductory paragraph sets forth legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies said allegations

II. Parties

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 1 of the Complaint. Defendant admits the allegations contained in the third sentence of said paragraph.

2. Admit.

III. Jurisdiction

3. Paragraph 3 asserts a legal conclusion to which no response is necessary, to the extent a response is required, Defendant denies said allegations.

IV. Venue

4. Paragraph 4 asserts a legal conclusion to which no response is necessary, to the extent a response is required, Defendant denies said allegations.

V. Exhaustion of Administrative Remedies

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore denies same.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore denies same.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore denies same.

8. Paragraph 8 asserts a legal conclusion to which no response is necessary, to the extent a response is required, Defendant denies said allegations.

VI. Material Facts

9. Admit.

10. Deny.

11. Admit.

12. The Performance Improvement Plan is a document in writing, the terms of which speak for themselves.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, except avers that Plaintiff submitted a long response to the Performance Improvement Plan on or about January 16, 2006 that mentioned Plaintiff's speech problem. Defendant denies the remaining allegations of said paragraph.

14. Defendant does not understand the allegations set forth in Paragraph 14 including, but not limited to, the use of the term "pretext" and how it relates to other allegations in Paragraph 14. Accordingly, Defendant denies the allegations set forth in Paragraph 14.

15. Defendant does not understand the allegations set forth in Paragraph 15 including, but not limited to, the use of the term "pretext" and how it relates to other allegations in Paragraph 15. Accordingly, Defendant denies the allegations set forth in Paragraph 15.

16. Defendant does not understand the allegations set forth in Paragraph 16 including, but not limited to, the use of the term "pretext" and how it relates to other allegations in Paragraph 16. Accordingly, Defendant denies the allegations set forth in Paragraph 16.

17. Defendant does not understand the allegations set forth in Paragraph 17 including, but not limited to, the use of the term "pretext" and how it relates to other allegations in Paragraph 17. Accordingly, Defendant denies the allegations set forth in Paragraph 17.

18. Defendant does not understand the allegations set forth in Paragraph 18 including, but not limited to, the use of the term "pretext" and how it relates to other allegations in Paragraph 18. Accordingly, Defendant denies the allegations set forth in Paragraph 18.

19. Defendant does not understand the allegations set forth in Paragraph 19 including, but not limited to, the use of the term "pretext" and how it relates to other allegations in Paragraph 19. Accordingly, Defendant denies the allegations set forth in Paragraph 19.

20. Defendant does not understand the allegations set forth in Paragraph 20 including, but not limited to, the use of the term "pretext" and how it relates to other allegations in Paragraph 20. Accordingly, Defendant denies the allegations set forth in Paragraph 20.

21. Deny.

22. Admit.

23. Admit.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and therefore denies same.

25. Deny.

26. Deny.

27. Deny.

28. Denied, except aver that Defendant and Plaintiff had several conversations about Plaintiff's long, ambiguous and repetitive e-mail and voice mail messages.

29. Deny.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore denies same.

31. Deny.

32. Deny.

33. Admit.

34. Deny.

35. Deny.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, and therefore denies same.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, and therefore denies same.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint, except avers that Plaintiff was terminated effective March 24, 2006.

Failure to Provide Reasonable Accommodation

39. Deny.

40. Deny.

Failure to Determine Reasonable Accommodation

41. Defendant does not understand the allegations set forth in Paragraph 41 including, but not limited to, the use of the term "failure to engage in dialogue" and how it relates to other allegations in Paragraph 41. Accordingly, Defendant denies the allegations set forth in Paragraph 41.

42. Deny.

Unlawful Termination

43. Deny.

44. Deny.

Retaliation

45. Deny.

46. Deny.

47. Deny.

48. Deny.

VII. Claims for Relief

49. Defendant repeats and incorporates by reference its answers to the allegations contained in Paragraphs 1 through 48 of the Complaint.

Count One
Unlawful Discrimination in Violation of 42 U.S.C. Section 12101, et seq.

50. Deny.

Count Two
Unlawful Retaliation in Violation of 42 U.S.C. Section 12101, et seq.

51. Deny.

Count Three
Unlawful Discrimination in Violation of R.I.G.L. Section 28-5-1, et seq.

52. Deny.

Count Four
Unlawful Retaliation in Violation of R.I.G.L. Section 28-5-1, et seq.

53. Deny.

Count Five
Unlawful Discrimination in Violation R.I.G.L. of 42-112-1, et seq.

54. Deny.

Count Six
Unlawful Discrimination in Violation of R.I.G.L. 42-112-1, et seq.

55. Deny.

Count Seven
Unlawful Discrimination in Violation of R.I.G.L. 42-87-1, et seq.

56. Deny.

Count Eight
Unlawful Discrimination in Violation of R.I.G.L. section 42-87-1, et seq.

57. Deny.

**First Affirmative Defense**

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

To the extent that Plaintiff has failed to timely comply with limitation periods, the action is barred.

**Third Affirmative Defense**

To the extent the Plaintiff has failed to comply with the administrative prerequisites to filing suit, the action is barred and/or the Court lacks subject matter jurisdiction.

**Fourth Affirmative Defense**

The conditions alleged by Plaintiff do not constitute a "disability," as that term is defined under the Americans With Disabilities Act, 42 U.S.C. § 1201 et seq. or the Rhode Island Fair Employment Practices Act, R.I.G.L. § 28-5-1 et seq.

**Fifth Affirmative Defense**

Plaintiff is not a "qualified individual with a disability" as defined in the Americans With Disabilities Act, 42 U.S.C. § 12101 and other applicable law.

**Sixth Affirmative Defense**

Plaintiff has failed to mitigate his damages.

**Seventh Affirmative Defense**

Defendant has not engaged in discrimination based on disability pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq. or the Rhode Island Fair Employment Practices Act, R.I.G.L. § 28-5-1 et seq.

**Eighth Affirmative Defense**

All employment decisions concerning the Plaintiff were based on valid, job-related nondiscriminatory grounds and lawful business considerations and were not the result of any intention or purpose, past or present, to discriminate unlawfully against the Plaintiff.

**Ninth Affirmative Defense**

To the extent Plaintiff was a qualified individual with a disability, Defendant reasonably accommodated the alleged disability of the Plaintiff.

**Tenth Affirmative Defense**

Plaintiff was an at-will employee subject to termination at any time with or without cause.

**Eleventh Affirmative Defense**

Plaintiff failed to comply with R.I.G.L. § 42-87-4.

WHEREFORE, Defendant respectfully requests that the Court:

(a) dismiss Plaintiff's Complaint in its entirety, with prejudice;

(b) deny each demand and prayer for relief contained in the Complaint;

(c) award Defendant costs and reasonable attorneys fees; and

(d) grant such other and further relief as the Court deems just and proper.

RAYTHEON

By its Attorneys,

/s/ Joseph D. Whelan

Joseph D. Whelan (#5694)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
jwhelan@haslaw.com

Dated: April 23, 2007

**`CERTIFICATION OF SERVICE**

To:

Stephen Sammartano, pro se
75 Arthur Street #4
Pawtucket, RI 02860

I hereby certify that on the 23rd day of April, 2007, a copy of the foregoing Answer of Defendant Raytheon was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Joseph D. Whelan

Joseph D. Whelan (#5694)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
jwhelan@haslaw.com

797273v1