# Exhibit
# D

EEOC Form 161 (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Stephen Sammartano
75 Arthur Ave.
Apt. #4
Pawtucket, RI

From: Boston Area Office - 523
John F. Kennedy Fed Bldg
Government Ctr, Room 475
Boston, MA 02203

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 523-2006-00994 | Robert L. Sanders, Director | (617) 565-3200 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Robert L. Sanders,
Area Office Director

SEP 1 1 2006
*(Date Mailed)*

Enclosures(s)

cc: RAYTHEON
1847 W. Main Rd.
Portsmouth, RI 02871

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Boston Area Office**

John F. Kennedy Federal Building
Government Center
Room 475
Boston, MA 02203-0506
(617) 565-3200
TTY (617) 565-3204
FAX (617) 565-3196

Stephen Sammartano
75 Arthur Ave., Apt. #4
Pawtucket, RI 02860

Re: Charge No. 523-2006-00994 (Sammartano v. Raytheon)

Dear Mr. Sammartano:

This letter is to inform you that this office has determined that it lacks jurisdiction to investigate the above referenced charge filed under the Americans with Disabilities Act of 1990 (ADA).

The ADA protects qualified individuals with a disability from employment discrimination. A determination of who is covered by its provisions is the first step in each ADA investigation.

Disability, as defined by the ADA, has a three prong test. A person who has:

- A physical or mental impairment that substantially limits one or more major life activities; or
- A record of having had such an impairment; or
- Is regarded as having such an impairment.

The evidence obtained during the Commission's investigation shows that you do not have an impairment that rises to the level of a disability. Indeed, you admitted having no medical documentation within the last 10 years regarding your condition. You claimed you were "perceived" or regarded as disabled due to a stutter. However, to even qualify for coverage under the ADA, you have to be able to show that Respondent perceived you as being "substantially limited" due to your impairment. From my interview with you, and even your own admission, your stutter is only occasional. You do not appear to be substantially limited in the major life activity of communication due to both your perfectly understandable written and oral communication. Apparently, Respondent also did not regard your speech impediment as disabling as you were hired by Raytheon after you were interviewed "for over an hour" according to your statement.

While it's true that Respondent criticized your performance in the area of "communication", along with half a dozen other areas, this criticism had nothing to do with your speech

impediment. For example, Respondent wanted you to "avoid long ambiguous, repetitive messages" and "not to dwell on issues".

In sum, there is no evidence that Respondent regarded you as substantially limited in major life activities, such as working, due to your speech impediment. Therefore, the EEOC lacks jurisdiction to investigate your claim further under the ADA.

Sincerely,

Benjamin Nidus,
Investigator