**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **STEPHEN T. SAMMARTANO** **Plaintiff** | : | |
| **Vs.** | : | **C.A. No. 06-535S** |
| **RAYTHEON** **Defendant** | : | |

**FIRST OBJECTION TO SUMMARY JUDGEMENT AS OBSTRUCTION TO DUE PROCESS AS SO DEPLOYED AND MOTION FOR CONTINUANCE**

Plaintiff, Stephen Sammartano, hereby objects to Defendant's Motion For Summary Judgement as an obstruction to due process as so deployed and requests a Continuance ( Reschedule Of Defendant's Motion For Summary Judgement of 75 days ) with similar response time as Defendant's Motion For Summary Judgement was originally deployed with. This Objection is not an opposition to Defendant's Motion For Summary Judegement, but an Objection to Obstruction of Due Process created by Defendant's choices to ignore depositions, to ignore Plaintiffs reasonableness ( to seek and be approved more time for depositions as opposed to Compelling ), and Defendant's choice to so ignore Plaintiff's reasonableness to reschedule such depositions and so deploy a Motion Of Summary Judgement in a way obstructive of due process.

**BASIS OF FIRST OBJECTION**

1. As a stuttering citizen in good standing for forty one years of this country, Plaintiff, filing pro se, in pauperis, previously, laboriously, thoughtfully, and with due consideration of Defendant's time did create and serve Defendant on September 25, 2007 with a deposition schedule so enclosed as Exhibit 1A.

2. Said schedule was again served together with a new deposition notice for

one additional employee of Defendant on September 28, 2007 as so enclosed as Exhibit 1B in order to notify Defendant with all notices at once.

3. The deployment of Plaintiff's deposition schedule allowed a minimum of 21 days notice and listed alternate days.

4. During that time the Defendant never once contacted Plaintiff to express any issues with the schedule etc. The schedule even included suggested alternate days. Plaintiff had previously also submitted schedule to Allied Court Reporters in Cranston, Rhode Island and Summit Systems of Fort Wayne, Indiana.

5. Defendant had time to reschedule settlement conference which was originally set before any of Plaintiff's noticed depositions. Defendant rescheduled settlement conference for the day before what would have been the first two depositions. Defendant never thought of Plaintiff even once.

6. Defendant notified Plaintiff the day before the first deposition on the afternoon of the settlement conference that the first two depositions scheduled for October 17th were unacceptably scheduled having had 20 days notification. Defendant further mentioned that maybe the deposition for October 19th would also be a problem. Defendant mentioned to Judge Lovegreen that he would be contacting Plaintiff that afternoon. Plaintiff sent emails to Defendant that afternoon, called Defendant that afternoon. No response. See Exhibit 1C. Plaintiff sent another email on Wednesday regarding the deposition scheduled for Friday. No response. See Exhibit 1D.

7. By Thursday Plaintiff still had not heard from Defendant and Plaintiff had to cancel the deposition for the following day. Plaintiff so notified Defendant. See Exhibit 2 and 3.

8. Defendant finally did respond Thursday afternoon by email. See Exhibit 4.

9. Defendant eventually did contact Plaintiff by phone and Plaintiff recapped the conversation after the call with an email. See Exhibit 5.

10. At this point the Plaintiff's entire deposition schedule was out of order.

11. Plaintiff's motion for extension of time to reschedule depositions due to Defendant's choices was approved on 10/24/2007. Plaintiff cancelled depositions scheduled for October 26th and October 31st for the reasons stated as noted to Defendant in Exhibit 6. Plaintiff further attempted to be reasonable by suggesting that maybe Defendant could suggest dates. See Exhibit 6. Plaintiff received no response.

12. The Defense has effectively ignored all discovery depositions since September 25, 2007 and issued a Motion For Summary Judgement On 11/1/2007.

13. Plaintiff has issued a revised notice of depositions, November 6th similar to original notice. See Exhibit 7.

14. Plaintiff has to work to pay rent, obtain food, etc. As a citizen in good standing, Plaintiff supports this action of his own undertaking above and beyond his career as opposed to an outsourcing. This action originated with a right to sue issued to Plaintif from the EEOC, Equal Employment Opportunity Commission.

15. Note that this objection is not an opposition to Defendant's Motion For Summary Judgement which will be delivered per the rules of the court. This objection is an objection of the allowance of the obstruction of justice created by Defendant's Motion For Summary Judgement at this time due to an obstruction of the Due Process of Discovery created by Defendant's choice to ignore Plaintiff's aspects of Discovery regarding depositions since September 25, 2007 in disregard of Plaintiff's obvious attempts to be open and reasonable. Defendant's choices were in hindsight of Plaintiff's said discovery notifications and created a loss of 37 days not including Plaintiff's preparation beforehand which was reasonable, thoughtful, and considerable and NOT so noted otherwise by Defendant in spite of a minimum of 21 days notice for each and every scheduled deposition until the day before the first deposition. Defendant's continued choice after Defendant's refusal of first deposition was such to offer response in such a way as to eliminate the first five of eight depositions scheduled and to disrupt the order of the schedule.

16. This Objection does not address the content of the Defendant's Motion For Summary Judgement. For the purpose of elliviating concerns that this objection is a pretext to avoid Summary Judgement, Plaintiff will note to the court that Defendant's Motion For Summary Judgement is consistent with Plaintiff's allegations stated as far back as Plaintiff's appeal to Rhode Island Unemployment for Unemployment Compensation ( noted as Experiences of Employment in Exhibit 4 supporting first amended complaint ) in which Plaintiff notes deliberate misrepresentations of Plaintiff's actions by Defendant and Defendant's attempts to hold Plaintiff accountable for such misrepresentations. Plaintiff requests that the court recognize Exhibit G of Affidavit of Heather Lemmon of Defendant's

Motion For Summary Judgement which explicitly references the nine emails at the court as Exhibit 11. Exhibit G notes Plaintiff's requests for flaws of these emails with no response. Yet Defendant's quotations of Exhibit G on page 9 of Defendant's brief of Summary Judgement does not include such references to the nine emails. Defendant habitually mischaracertized attempts of Plaintiff to engage in dialogue to identify metrics of interest for purpose of being able to recognize delinquencies for their prevention and correction, for the purpose of being able to recognize outstanding accomplishment with respect to those metrics, or for the purpose of identifying the need to engage in further dialogue to explicitly make further requests in regards to reasonable accommodation for my speech disability or perceived disability. Among other things, Plaintiff's attempts to engage in dialogue were misreprensented as antagonistic. Plaintiff's reaction to such misrepresentations were further misrepresented as * everyone being against Plaintiff * and therefore paranoid. Defendant's refusal to engage in dialogue and Defendant's choice to characterize Plaintiff's attempts to engage in dialogue as antagonistic and subsequent reactions of Plaintiff as paranoid did create a hostile environment for Plaintiff. In general, Plaintiff cannot engage in dialogue in a way that suggests that everything is about speech – to do so could be construed as paranoid. Rather attempts to engage in dialogue must be with a more open mind so as to identify the true metrics at hand which allow the arbitrary and capricious nature of things to become recognizable as metrics which can be improved upon and maintained and Plaintiff did just that. Along the way if a need to request further accommodation in regards to disability is encountered, such need may be acted upon. As such Defendant is responsible for refusal to engage in dialogue. However, this document is

not for the purpose of avoiding discussion of such issues or to discuss such issues.

**CONCLUSIONS**

17. This court has an obligation to citizens of good standing of this country. Defendant supports Department Of Defense which supports the government of this country for which Plaintiff is a member in good standing. On the basis that Defendant will be here in 75 days, and that the government will be here in 75 days, the citizens which it protects will be here in 75 days which means all party's have time. Plaintiff presented a plan ( schedule of depositions ) to Defendant and Defendant did virtually nothing whatsoever to comply with this described aspect of discovery. In the interests of justice and in due consideration of the holiday season approaching, Plaintiff believes such objection and request is proper.

Stephen Sammartano 11/7/2007

Stephen Sammartano, pro se

75 Arthur St #4

Pawtucket, RI 02860

401.335.3412

stevesammartano@hotmail.com

## CERTIFICATION OF SERVICE

To:

Joseph D Whelan

Hinckley, Allen & Snyder LLP

50 Kennedy Plaza, Suite 1500

Providence, RI 02903

(401) 274-2000

(401) 277-9600 ( fax )

I hereby certify that on the ~~6th~~ 7 day of November, 2007, a copy of the foregoing document was served by mail on the above-named party.

Stephen Sammartano 11/~~6~~7/2007

Stephen Sammartano

75 Arthur St #4

Pawtucket, RI 02860

401.335.3412

stevesammartano@hotmail.com