**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **STEPHEN T. SAMMARTANO** | : | |
| **Plaintiff** | : | |
| | : | |
| **Vs.** | : | **C.A. No. 06-535S** |
| | : | |
| **RAYTHEON** | : | |
| **Defendant** | : | |

## MOTION TO COMPEL

Pursuant to Fed. R. Civ. P. 37, Plaintiff hereby requests that this Court order Defendant to provide further relevant discoverable information of this case.

Specifically Plaintiff hereby requests for a Motion To Compel for further information in response to the following document sections for the reasons stated below:

**1. Plaintiff's First Set Of Requests For Documents** (Defendant's responses with requests enclosed are submitted as exhibit 1 in support of Motion To Compel.)

Section Reason

**REQUEST NO. 4** – Establishing any anomalies in the Defendant's state of mind or in the state of mind of its agents may reveal relevant information with regard to perceptions Defendant or Defendant's agents had of the Plaintiff or actions taken in connection with the Plaintiff by Defendant or Defendant's agents.

**REQUEST NO. 5** - Establishing any anomalies in the Defendant's state of mind or in the state of mind of its agents may reveal relevant information with regard to perceptions Defendant or Defendant's agents had of Plaintiff or actions taken in connection with Plaintiff by Defendant or Defendant's agents..

**REQUEST NO. 7** – Request 7 should read, "All written statements and other

documentation provided to Defendant or his agents by any person who Defendant alleges has knowledge of the allegations contained in the Complaint." The reason is that the information described could be relevant discovery information.

**REQUEST NO. 12** – Six Sigma is a Raytheon process related program (See exhibit 5 and 6 in support of Motion To Compel.).)which Plaintiff adhered to. Defendant alleges in it's Performance Improvement Plan delinquencies with respect to Plaintiff following Raytheon's Process. Information relative to additional compensation received for completion of six sigma work could substantiate additional further discrimination of Plaintiff by Defendant in light of Plaintiff receiving no additional compensation for his six sigma work completed.

**REQUEST NO. 13** – should read, "Any and all written statements, tape recorded statements and other documentation that Defendant has in his possession stating or concerning any and all admissions or statements against him made by Defendant or any employee, officer, agent or representative of the Defendant in connection with Plaintiff or actions or incidents in connection with Plaintiff" for the reason that such information could be relevant discover information.

**REQUEST NO. 14** - Request 14 should read, "Any and all documents or correspondence of any kind that relate in any way to the Plaintiff's performance including but not limited to weekly activity reports submitted by Plaintiff, courses completed by Plaintiff, credit for career development activities relative to activities of Plaintiff while employed by Defendant." Such is relevant discoverable information as it serves to show that Plaintiff was prioritizing and completing tasks, communicating, following Raytheon common processes, a team player, had knowledge of the bigger Raytheon picture, and or was willing to learn and participate.

**REQUEST NO. 15** - Such is relevant discoverable information as it serves to show

that Plaintiff was prioritizing and completing tasks, communicating, following Raytheon common processes, a team player, had knowledge of the bigger Raytheon picture, and or was willing to learn and participate.

**2. Plaintiff's First Set Of Interrogatories** (Defendant's responses with interrogatories enclosed are submitted as exhibit 2 in support of Motion To Compel.).

**INTERROGATORY NO. 13** – Defendant is responding with summaries such as yearly summaries and reviews which are prone to list allegation like summary data as opposed to incident data. Incident data is requested.

**3. Plaintiff's Third Set Of Interrogatories** - (Submitted as exhibit 3 in support of Motion To Compel.). Such is relevant discoverable information as it serves as data supporting allegations made by Defendant about Plaintiff. These interrogatories are a rephrasing of Interrogatory 13 of Plaintiff's First Set Of Interrogatories.

**4. Plaintiff's Third Set Of Requests For Documents** - (Submitted as exhibit 4 in support of Motion To Compel.).These requests include rephrasings of Interrogatory 13 of Plaintiff's First Set Of Interrogatories as supporting documents relative to incidents and in addition a rephrasing of information requested in Plaintiff's First Set Of Requests For Documents – Request 14 and Request 15.

**REQUEST NO. 1** - Such is relevant discoverable information as it serves to show that Plaintiff was prioritizing and completing tasks, communicating, following Raytheon common processes, a team player, had knowledge of the bigger Raytheon picture, and or was willing to learn and participate.

**REQUEST NO. 2** - Such is relevant discoverable information as it serves to show that Plaintiff was prioritizing and completing tasks, communicating, following Raytheon common processes, a team player, had knowledge of the bigger Raytheon picture, and or was willing to learn and participate.

**REQUEST NO. 3** - Such is relevant discoverable information as it serves to show that Plaintiff was prioritizing and completing tasks, communicating, following Raytheon common processes, a team player, had knowledge of the bigger Raytheon picture, and or was willing to learn and participate.

**REQUEST NO. 4** - Such is relevant discoverable information as it serves as data supporting allegations made by Defendant about Plaintiff.

**REQUEST NO. 5** - Such is relevant discoverable information as it serves as data supporting allegations made by Defendant about Plaintiff

**REQUEST NO. 6** - Such is relevant discoverable information as it serves as data supporting allegations made by Defendant about Plaintiff

**REQUEST NO. 7** - Such is relevant discoverable information as it serves as data supporting allegations made by Defendant about Plaintiff

**REQUEST NO. 8** - Such is relevant discoverable information as it serves as data supporting allegations made by Defendant about Plaintiff.

**REQUEST NO. 9** - Such is relevant discoverable information as it serves as data supporting allegations made by Defendant about Plaintiff.

**REQUEST NO. 10** - Such is relevant discoverable information as it serves as data supporting allegations made by Defendant about Plaintiff.

**REQUEST NO. 11** - Such is relevant discoverable information as it serves as data

supporting allegations made by Defendant about Plaintiff.

**REQUEST NO. 12** - Such is relevant discoverable information as it serves as data supporting allegations made by Defendant about Plaintiff.

**REQUEST NO. 13** - Such is relevant discoverable information as it serves as data supporting allegations made by Defendant about Plaintiff

**REQUEST NO. 14** - Such is relevant discoverable information as it serves as data supporting allegations made by Defendant about Plaintiff

**REQUEST NO. 15** - Such is relevant discoverable information as it serves as data supporting allegations made by Defendant about Plaintiff

**REQUEST NO. 16** - Such is relevant discoverable information as it serves as data supporting allegations made by Defendant about Plaintiff

Stephen Sammartano 1/2/2008

Stephen Sammartano

75 Arthur St #4

Pawtucket, RI 02860

401.335.3412

stevesammartano@hotmail.com

Dated: January 2, 2008

# CERTIFICATION OF SERVICE

To:

Joseph D Whelan

Hinckley, Allen & Snyder LLP

50 Kennedy Plaza, Suite 1500

Providence, RI 02903

(401) 274-2000

(401) 277-9600 ( fax )

I hereby certify that on the 2nd day of January, 2008, a copy of the foregoing document was served by mail on the above-named party.

Stephen Sammartano 1/2/2008

Stephen Sammartano

75 Arthur St #4

Pawtucket, RI 02860

401.335.3412

stevesammartano@hotmail.com