Exhibit
Exhibit Support of Motion To Compel by Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STEPHEN T. SAMMARTANO :
Plaintiff :
:
VS : C.A. NO. 06-535S
:
RAYTHEON :
Defendant :

**DEFENDANT RAYTHEON'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

**GENERAL OBJECTIONS**

Defendant objects to Plaintiff's First Set of Requests for Production of Documents to the extent they seek to impose a duty on defendant beyond that required by the Federal Rules of Civil Procedure ("FRCP") and the Local Rules of this Court. Defendant further objects to Plaintiff's First Set of Requests for Production of Documents to the extent they seek information that: (1) represents attorney-work product; (2) is protected by the attorney-client privilege or any other applicable privilege; (3) has been prepared in anticipation of litigation at the request of counsel; (4) concerns irrelevant and confidential financial, proprietary, or medical information; and (5) represents matters of public record.

Finally, the responses set forth herein are made without waiving the following:

1. The right to object on the grounds of competency, privilege, relevance, materiality or any other proper ground, to the use of any material produced herein, in whole or in part, for any purpose, in any subsequent proceeding in this action or in any other action;

2. The right to object on any and all proper grounds, at any time, to other requests, or other discovery procedures involving or relating to the subject matter of the requests responded to herein; and

3. The right, at any time, to revise, correct, modify, supplement or clarify any of the answers provided herein.

All of defendant's responses are made subject to the foregoing objections, comments and qualifications.

**Request No. 1:** Any and all reports provided to Defendant, or anyone acting on his behalf, by any experts contacted or retained for purposes of this litigation.

**Response to Request No. 1:** No responsive documents exist.

**Request No. 2:** Any and all documents submitted to any government entity, agency or court by Defendant in connection with his employment of Plaintiff, the termination of employment of Plaintiff, or the claims alleged in this matter.

**Response to Request No. 2:** See General Objections. In addition to the General Objections, Raytheon objects to Request No. 2 on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and it imposes an obligation on Raytheon beyond the scope of the FRCP and the Local Rules of this Court. To the extent not objected to, Raytheon shall produce, to the extent it has any, responsive documents within its possession, custody or control.

**Request No. 3**: Any and all documents received by Defendant from the Equal Employment Opportunity Commission, the Rhode Island Commission for Human Rights, or any other government entity, agency or court in connection with allegations made by Plaintiff.

**Response to Request No. 3**: See General Objections. In addition to the General Objections, Raytheon objects to Request No. 3 on the grounds that it is overly broad, vague and ambiguous. To the extent not objected to, Raytheon shall produce, to the extent it has any, responsive documents within its possession, custody or control.

**Request No. 4**: Any and all documents that relate to any physical or psychological illness, infirmity, injury or impairment of Defendant's agents or representatives who acted in connection with the allegations claimed by the Plaintiff from January 1, 2003 to the present including—but not limited to—physician, hospital or pharmaceutical records and bills.

**Response to Request No. 4**: See General Objections. In addition to the General Objections, Raytheon objects to Request No. 4 on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and it imposes an obligation on Raytheon beyond the scope of the FRCP and the Local Rules of this Court. Raytheon also objects to this request on the grounds that it seeks information and documents which are protected by the doctor/patient privilege, the patient/psychotherapist privilege, the facility/patient privilege and the patient/social worker privilege. Raytheon further objects to Request No. 4 to the extent that it seeks the confidential, sensitive and personal information of non-parties to this action, the disclosure of which will invade the privacy rights of current and/or former employees of Raytheon.

**Request No. 5:** Any and all documents that relate to visits Defendant's agents or representatives who acted in connection with the allegations claimed by the Plaintiff made to — or any counseling, treatment, advice, examination or testing received by Defendant's agents or representatives who acted in connection with the allegations claimed by the Plaintiff — from any physician, psychiatrist, social worker or other health care professional from January 1, 2003 to the present.

**Response to Request No. 5:** See General Objections. In addition to the General Objections, Raytheon objects to Request No. 4 on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and it imposes an obligation on Raytheon beyond the scope of the FRCP and the Local Rules of this Court. Raytheon also objects to this request on the grounds that it seeks information and documents which are protected by the doctor/patient privilege, the patient/psychotherapist privilege, the facility/patient privilege and the patient/social worker privilege. Raytheon further objects to Request No. 4 to the extent that it seeks the confidential, sensitive and personal information of non-parties to this action, the disclosure of which will invade the privacy rights of current and/or former employees of Raytheon.

**Request No. 6:** Any and all written statements, tape recorded statements and other documentation provided to Defendant or his agents by any person contacted or interviewed in connection with the subject matter of this action who Defendant does not intend to call as a witness in the trial of this matter.

**<u>Response to Request No. 6</u>:** <u>See</u> General Objections. In addition to the General Objections, Raytheon objects to Request No. 6 on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and it imposes an obligation on Raytheon beyond the scope of the FRCP and the Local Rules of this Court.

**<u>Request No. 7</u>:** All written statements and other documentation provided to Defendant or his agents by any person who Defendant ~~Plain~~tiff alleges has knowledge of the allegations contained in the Complaint.

**<u>Response to Request No. 7</u>:** <u>See</u> General Objections. In addition to the General Objections, Raytheon objects to Request No. 7 on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and it imposes an obligation on Raytheon beyond the scope of the FRCP and the Local Rules of this Court.

**<u>Request No. 8</u>:** Any and all sound recordings, minutes, notations or documentation of any kind regarding or referring to any conversations between employees or former employees of Defendant from January 1, 2003 to present regarding the facts alleged in the Complaint.

**<u>Response to Request No. 8</u>:** <u>See</u> General Objections. In addition to the General Objections, Raytheon objects to Request No. 8 on the grounds that it is overly broad, vague, ambiguous and unduly burdensome. To the extent not objected to and to the extent it has not already produced such documents with its Initial Disclosure Statement, and to the extent it has any, Raytheon shall produce responsive documents within its possession, custody or control.

**Request No. 9:** Each and every document Defendant intends to introduce as an exhibit at the trial of this matter.

**Response to Request No. 9:** See General Objections. Subject to and without waiving these objections, Defendant states: Raytheon has not yet identified which documents it intends to introduce as an exhibit at the trial of this matter, and reserves the right to supplement its answer to this interrogatory at a later date.

**Request No. 10:** Any and all documents identified in response to Plaintiff's Interrogatories to Defendant.

**Response to Request No. 10:** See General Objections. To the extent not objected to and to the extent it has not already produced such documents with its Initial Disclosure Statement, and to the extent it has any, Raytheon shall produce responsive documents within its possession, custody or control.

**Request No. 11:** Any and all documents relating to employment verification for the period for which Plaintiff was employed by Defendant as a result of Plaintiff's efforts to secure employment with other employers since his termination of employment by Defendant, including but not limited to copies of all communications to employers seeking to hire Plaintiff.

**Response to Request No. 11:** No responsive documents exist within Raytheon's possession, custody or control. Raytheon does not provide employment verifications. Any and all requests for employment verification are handled by a third party, The Work Number, at http://www.theworknumber.com or at 1-800-367-5690.

**Request No. 12:** Any and all documents relating to additional monies paid to Six Sigma awarded recipients from January 1, 2003 to the present.

**Response to Request No. 12**: See General Objections. In addition to the General Objections, Raytheon objects to Request No. 12 on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and it imposes an obligation on Raytheon beyond the scope of the FRCP and the Local Rules of this Court.

**Request No. 13**: Any and all written statements, tape recorded statements and other documentation that Defendant has in his possession stating or concerning any and all admissions or statements against him made by Plaintiff or any employee, officer, agent or representative of the Plaintiff.

**Response to Request No. 13**: See General Objections. In addition to the General Objections, Raytheon objects to Request No. 13 on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and it imposes an obligation on Raytheon beyond the scope of the FRCP and the Local Rules of this Court.

**Request No. 14**: Any and all documents or correspondence of any kind that relate in any to the Plaintiff's performance including but not limited to weekly activity reports submitted by Plaintiff, courses completed by Plaintiff, credit for career development activities relative to activities of Plaintiff while employment by Defendant.

**Response to Request No. 14**: See General Objections. In addition to the General Objections, Raytheon objects to Request No. 14 on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and it imposes an obligation on

Raytheon beyond the scope of the FRCP and the Local Rules of this Court. To the extent not objected to and to the extent it has not already produced such documents with its Initial Disclosure Statement, and to the extent it has any, Raytheon shall produce responsive documents within its possession, custody or control.

**Request No. 15**: Any and all documents or correspondence of any kind that relate in any way to the Plaintiff's completed work.

**Response to Request No. 15**: See General Objections. In addition to the General Objections, Raytheon objects to Request No. 15 on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and it imposes an obligation on Raytheon beyond the scope of the FRCP and the Local Rules of this Court.

**Request No. 16**: Any and all documents or correspondence of any kind that relate to the Plaintiff's performance being unsatisfactory or notifications to Plaintiff of performance being unsatisfactory.

**Response to Request No. 16**: See General Objections. In addition to the General Objections, Raytheon objects to Request No. 16 on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and it imposes an obligation on Raytheon beyond the scope of the FRCP and the Local Rules of this Court. To the extent not objected to and to the extent it has not already produced such documents with its Initial Disclosure Statement, and to the extent it has any, Raytheon shall produce responsive documents within its possession, custody or control.

**Request No. 17**: Any and all documents or correspondence of any kind that have not been previously requested that relate in any way to any of the allegations in Plaintiff's Complaint or the acts allegedly contained by Defendant of which Plaintiff complains.

**Response to Request No. 17**: See General Objections. In addition to the General Objections, Raytheon objects to Request No. 17 on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome.

RAYTHEON

By its Attorneys,

Joseph D. Whelan (#5694)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
jwhelan@haslaw.com

Dated: October 15, 2007

**CERTIFICATION OF SERVICE**

To:

Stephen Sammartano, pro se
75 Arthur Street #4
Pawtucket, RI 02860

I hereby certify that on the 15th day of October, 2007, a copy of the foregoing document was served by mail on the above-named party.

[signature]
_______________________