Exhibit 2

Exhibit Support of Motion To Compel by Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STEPHEN T. SAMMARTANO<br>Plaintiff | : | |
| | : | |
| VS | : | C.A. NO. 06-535S |
| | : | |
| RAYTHEON<br>Defendant | : | |

**DEFENDANT RAYTHEON'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**GENERAL OBJECTIONS**

Defendant objects to Plaintiff's First Set of Interrogatories to the extent they seek to impose a duty on defendant beyond that required by the Federal Rules of Civil Procedure ("FRCP") and the Local Rules of this Court. Defendant further objects to Plaintiff's First Set of Interrogatories to the extent they seek information that: (1) represents attorney-work product; (2) is protected by the attorney-client privilege or any other applicable privilege; (3) has been prepared in anticipation of litigation at the request of counsel; (4) concerns irrelevant and confidential financial, proprietary, or medical information; (5) requests information concerning matters of public record; and (6) seeks information that requires the defendant to draw a legal conclusion.

Finally, the answers set forth herein are made without waiving the following:

1. The right to object on the grounds of competency, privilege, relevance, materiality or any other proper ground, to the use of any material produced herein, in whole or in part, for any purpose, in any subsequent proceeding in this action or in any other action;

2. The right to object on any and all proper grounds, at any time, to other interrogatories or other discovery procedures involving or relating to the subject matter of the requests responded to herein; and

3. The right, at any time, to revise, correct, modify, supplement or clarify any of the answers provided herein.

All of defendant's answers are made subject to the foregoing objections, comments and qualifications.

**Interrogatory No. 1:** State the names, addresses and title of each and every person whom Defendant believes has knowledge of any facts relating to this matter and provide a brief description of said knowledge.

**Response to Interrogatory No. 1:** See General Objections. Subject to and without waiving these objections, Defendant objects to this interrogatory because it is overly broad and unduly burdensome. Subject to and without waiving these objections, Defendant states as follows: the following persons were co-workers or supervisors of Plaintiff and may have knowledge about Plaintiff's employment, his performance at Raytheon, and the circumstances leading up to his termination:

1. Christine Lowrie, Sr. Software Engineer I, c/o Raytheon;
2. Christina Erwin, Sr. Software Engineer II, c/o Raytheon;
3. Daniel Musholt, Licensed Independent Clinical Social Worker, Certified Addiction Specialist, Certified Employee Assistance Professional, c/o Raytheon;
4. Sandra Vanier, Manager II Software Engineering, c/o Raytheon;
5. Heather Lemmon, Manager III Human Resources, c/o Raytheon;
6. Robert Froncillo, Senior Manager-Program Management, c/o Raytheon;
7. John Kelly, Senior Manager Software Engineering, c/o Raytheon;
8. Deborah Belsinger, Manager II of Security, c/o Raytheon; and
9. Irvin Kooris, former Manager Employee Assistance Program, current address unknown.

**Interrogatory No. 2**: Identify each and every person whom Defendant intends to call as a witness at the trial of this matter.

**Response to Interrogatory No. 2**: See General Objections. Subject to and without waiving these objections, Defendant objects to this interrogatory because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and it seeks information protected under the work product doctrine and/or attorney-client privilege. Subject to and without waiving these objections, Defendant states: Raytheon has not yet identified any witnesses, and reserves the right to supplement its answer to this interrogatory at a later date.

**Interrogatory No. 3**: Identify each and every person Defendant or his representatives contacted, interviewed or communicated with regarding allegations in this matter, or during any investigation in connection with this matter. Identify any and all witnesses thereto and any documents relating to or reflecting the information requested in this Interrogatory.

**Response to Interrogatory No. 3**: See General Objections. Subject to and without waiving these objections, Defendant states as follows: Raytheon's attorneys contacted the Equal Employment Opportunity Commission and the State of Rhode Island Commission for Human Rights regarding the charge filed by Plaintiff in connection with this matter. See Defendant Raytheon's Response to Plaintiff's First Set of Requests for Production, Response to Request Nos. 2 and 3.

**Interrogatory No. 4**: Identify every person who has been retained to give expert or opinion testimony at trial, and with respect to each provide:

(a) the date on which the witness was retained;

(b) the date on which the witness formulated his or her opinion(s);

(c) the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten (10) years;

(d) the compensation paid or to be paid to the witness;

(e) all data, documents or other information considered by the witness in forming the opinions;

(f) all assumptions made by the witness;

(g) any exhibits to be used as a summary of or as support for the opinions;

(h) a complete statement of each opinion to be expressed and the basis and reasons underlying each opinion; and

(i) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four (4) years.

**Response to Interrogatory No. 4**: See General Objections. Subject to and without waiving these objections, Defendant states as follows: Raytheon has not yet identified any expert witnesses, and reserves the right to supplement its answer to this interrogatory at a later date.

**Interrogatory No. 5**: State the name, address and area of specialization of each and every physician, psychologist, psychiatric social worker or other health professional visited by Defendant's agents who were connected with the allegations made by the Plaintiff with respect to his mental or physical condition at any time from January 1, 2003 to the present and state the exact date of each and every visit.

**Response to Interrogatory No. 5**: See General Objections. Subject to and without waiving these objections, Defendant states as follows: Raytheon's agents have not visited any

physician, psychologist, psychiatric social worker or other health professional connected with the allegations made by the Plaintiff. On or around February 20, 2006, Heather Lemmon contacted Dr. Ronald Stewart, a psychiatrist, to make an appointment for Plaintiff.

**Interrogatory No. 6:** State whether Defendant has employed additional software engineers since terminating the Plaintiff. If the answer is in the affirmative, state the following:

a. the number employed;

b. the date of each such hire;

c. the exact nature of each such possible employment;

d. the rate or range of pay of each such possible employment;

e. the nature and/or title of the job offered; and

f. identify each document upon which Defendant relied in answering, or which in any way relates to or reflects upon the information requested in Interrogatory 6(a) through 6(e) inclusive.

**Response to Interrogatory No. 6:** See General Objections. Subject to and without waiving these objections, Defendant objects to this interrogatory because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant states as follows:

a. Raytheon has employed twenty eight (28) software engineers at its Maritime Mission Center in Portsmouth, Rhode Island since terminating Plaintiff on March 24, 2006.

b-e. See chart below:

| | | | |
|---|---|---|---|
| 17-Jul-00 | 08-May-06 | Principal Software Engineer | $109,158.40 |
| 14-May-01 | 30-May-06 | Software Engineer II | $73,673.60 |
| 10-Apr-06 | | Software Engineer I | $63,003.20 |
| 15-May-06 | | Software Engineer I | $62,795.20 |
| 30-May-06 | | Software Engineer I | $63,003.20 |
| 05-Jun-06 | | Software Engineer I | $65,977.60 |
| 19-Jun-06 | | Software Engineer I | $65,977.60 |
| 19-Jun-06 | | Software Engineer II | $79,497.60 |
| 19-Jun-06 | | Software Engineer I | $60,465.60 |
| 10-Jul-06 | | Software Engineer I | $62,462.40 |
| 10-Jul-06 | | Software Engineer I | $62,462.40 |
| 17-Jul-06 | | Sr Software Engineer II | $95,804.80 |
| 31-Jul-06 | | Software Engineer I | $62,462.40 |
| 31-Jul-06 | | Software Engineer I | $62,462.40 |
| 07-Aug-06 | | Software Engineer I | $60,465.60 |
| 07-Aug-06 | | Software Engineer I | $61,776.00 |
| 07-Aug-06 | | Software Engineer I | $60,985.60 |
| 14-Aug-06 | | Software Engineer I | $67,558.40 |
| 05-Sep-06 | | Software Engineer II | $72,321.60 |
| 23-Oct-06 | | Principal Software Engineer | $120,016.00 |
| 23-Oct-06 | | Software Engineer II | $72,592.00 |
| 27-Nov-06 | | Software Engineer I | $63,419.20 |
| 27-Nov-06 | | Software Engineer I | $62,108.80 |
| 15-Jan-07 | | Software Engineer I | $64,708.80 |
| 11-Jun-07 | | Software Engineer I | $62,795.20 |
| 06-Aug-07 | | Software Engineer I | $64,105.60 |
| 24-Sep-07 | | Principal Software Engineer | $112,008.00 |
| 01-Oct-07 | | Principal Software Engineer | $110,011.20 |

f. Defendant relied upon Datawarehouse from Peoplesoft in answering Interrogatory No. 6.

**Interrogatory No. 7:** List every individual or company which has contacted Defendant since the termination of the Plaintiff for the purpose of obtaining employment verification in connection with Plaintiff's period of employment with Defendant. List most recent enquiries first, and list all others in reverse chronological order. As to each inquiry, provide:

a. the name of each employer;

b. the name of the inquirer;

c. the date of the enquiry;

d. job title(s) provided in response;

e. weekly, monthly, or annual earnings provided in response;

f. a detailed description of any promotions, wages, and/or bonuses earned provided in response;

g. any description of any adverse employment action taken against Plaintiff.

**Response to Request No 7:** See General Objections. Subject to and without waiving these objections, Defendant states as follows: Raytheon does not provide employment verifications. Any and all requests for employment verification are handled by a third party, The Work Number, at http://www.theworknumber.com or at 1-800-367-5690.

**Interrogatory No. 8:** When Defendant was notified of Plaintiff's speech problem, what steps were taken to investigate/understand/accommodate Plaintiff in a reasonable way.

**Response to Interrogatory No. 8:** See General Objections. Subject to and without waiving these objections, Defendant objects to this interrogatory because it assumes facts not in evidence. Subject to and without waiving these objections, Defendant states as follows: Plaintiff never requested an accommodation while working at Raytheon and Plaintiff attended meetings,

engaged in conversations with his co-workers and frequently sent voicemail messages to his co-workers. Based on Plaintiff's conduct and the fact that he never requested an accommodation, Raytheon had no reason to believe that Plaintiff needed an accommodation for his stutter. In fact, Raytheon had no reason to believe that Plaintiff was disabled. Therefore, no steps were taken to investigate/understand/accommodate Plaintiff.

**<u>Interrogatory No. 9</u>:** What reasonable accommodations did Raytheon make? Identify and describe each and every of Defendant's reasonable accommodations. For each provide the following:

a. What the accommodation was;

b. Date the accommodation was made;

c. Which person or persons made the accommodations;

d. The form in which the accommodations were made.

**<u>Response to Interrogatory No. 9</u>:** <u>See</u> General Objections. Subject to and without waiving these objections, Defendant objects to this interrogatory because it assumes facts not in evidence. Subject to and without waiving these objections, Defendant states as follows: Plaintiff never requested an accommodation while working at Raytheon and Plaintiff attended meetings, engaged in conversations with his co-workers and frequently sent voicemail messages to his co-workers. Based on Plaintiff's conduct and the fact that he never requested an accommodation, Raytheon had no reason to believe that Plaintiff needed an accommodation for his stutter. In fact, Raytheon had no reason to believe that Plaintiff was disabled. Therefore, no steps were taken to accommodate Plaintiff.

**Interrogatory No. 10**: Identify and describe Defendant's response to each and every of Plaintiff's requests for reasonable accommodation. For each, provide the following:

a. What the response was;

b. Date of the response;

c. Who responded to the request;

d. The form in which the request was made.

**Response to Interrogatory No. 10**: See General Objections. Subject to and without waiving these objections, Defendant objects to this interrogatory because it assumes facts not in evidence. Subject to and without waiving these objections, Defendant states as follows: Plaintiff never requested an accommodation while working at Raytheon and Plaintiff attended meetings, engaged in conversations with his co-workers and frequently sent voicemail messages to his co-workers. Based on Plaintiff's conduct and the fact that he never requested an accommodation, Raytheon had no reason to believe that Plaintiff needed an accommodation for his stutter. In fact, Raytheon had no reason to believe that Plaintiff was disabled. Therefore, no steps were taken to accommodate Plaintiff.

**Interrogatory No. 11**: Identify and describe performance indicators which led to the deployment of the performance improvement plan.

**Response to Interrogatory No. 11**: See General Objections. Subject to and without waiving these objections, Defendant states as follows: The performance indicators which led to the deployment of the performance improvement plan are set forth in Plaintiff's 2004 performance and development summary, mid year performance 2005 review, and in the performance improvement plan.

**<u>Interrogatory No. 12</u>:** Identify and describe performance indicators which created the Defendant's perception that Plaintiff's performance was unsatisfactory.

**<u>Response to Interrogatory No. 12</u>:** <u>See</u> General Objections. Subject to and without waiving these objections, Defendant objects to this interrogatory because it is overly broad and vague. Subject to and without waiving these objections, Defendant states as follows: The performance indicators which led to the perception that Plaintiff's performance was unsatisfactory are set forth in Plaintiff's 2004 performance and development summary, mid year performance 2005 review, and in the performance improvement plan.

**<u>Interrogatory No. 13</u>:** With specificity identify and describe the means by which the Plaintiff was notified of delinquencies in performance and provide any information relative with regard to the Plaintiff being notified of such delinquency. For each delinquency and notification specify:

a. What the delinquency was;

b. What the notification was;

c. Who made the notification;

d. What opportunity if any the Plaintiff was given to correct the delinquency including but not limited to strong recommendations for associated training;

e. How the Plaintiff utilized the opportunity to correct the delinquency and what the result of the Plaintiff's effort was;

f. The date the notification was made;

g. Whether the performance indicator upon which the delinquency was based was explained to the Plaintiff so that the Plaintiff could recognize this particular

delinquency in this particular situation, this type of delinquency in general, this type of delinquency in the future, how to prevent/avoid this type of delinquency, how to correct this type of delinquency, how to expect to be judged with respect to this type of delinquency equally to his peers;

h. Whether the performance indicator was uniformly applied to all employees;

i. Whether the performance indicator was uniformly applied to employees of similar position as Plaintiff;

j. Whether the Plaintiff had previous knowledge of this performance indicator to the extent of being able to recognize the associated delinquency for purposes of correction, prevention, expectations of judgment;

k. The impact of the Plaintiff's deliverable directly as a result of this delinquency;

l. The comparative effect with respect to work of his peers because of this delinquency including but not limited to cost/use of company resources as a result of Plaintiff's delinquency.

**Response to Interrogatory No. 13:** In addition to the General Objections, Defendant objects to this interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant states as follows: Plaintiff was notified of his delinquencies as follows: (i) on or around December of 2004, Sandra Vanier met with Plaintiff to discuss complaints from his co-workers regarding behavioral issues; (ii) on March 20, 2005, Sandra Vanier gave Plaintiff his 2004 performance and development summary outlining certain delinquencies of Plaintiff; (iii) on

August 24, 2005, Sandra Vanier gave Plaintiff his mid year performance 2005 review outlining certain delinquencies of Plaintiff, (iv) on October 25, 2005, Heather Lemmon met with Plaintiff to discuss troubling interpersonal behavioral issues that had been addressed with her by Plaintiff's coworkers and managers; (v) on January 13, 2006, Plaintiff was placed on a performance improvement plan; and (vi) on February 20, 2006, Heather Lemmon informed Plaintiff that he was required to be evaluated by a psychiatrist in order to prove that he was fit to work. Plaintiff was given ample opportunity to correct his delinquencies and to be evaluated by a psychiatrist, but did not do so.

RAYTHEON

By:________________________________

Its:________________________________

Subscribed and sworn to before me this ____ day of October, 2007.

__________________________________
Notary Public

My Commission Expires________________

AS TO OBJECTIONS:

Joseph D. Whelan (#5694)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
jwhelan@haslaw.com

Dated: October 15, 2007

**CERTIFICATION OF SERVICE**

To:

Stephen Sammartano, pro se
75 Arthur Street #4
Pawtucket, RI 02860

I hereby certify that on the 15th day of October, 2007, a copy of the foregoing document was served by mail on the above-named party.

______________________________