Exhibit 3
Exhibit Support of Motion To Compel by Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **STEPHEN T. SAMMARTANO** **Plaintiff** | : | |
| | : | |
| **Vs.** | : | **C.A. No. 06-535S** |
| | : | |
| **RAYTHEON** **Defendant** | : | |

**PLAINTIFF STEPHEN SAMMARTANO'S**

**THIRD SET OF INTERROGATORIES**

**TO DEFENDANT RAYTHEON**

Pursuant to Rule 33 of the Federal Court Rules of Civil Procedure, Plaintiff Stephen T. Sammartano propounds the following interrogatories to Defendant Raytheon to be answered under oath within thirty (30) days of the date of service hereof in accordance with the Federal Rules of Civil Procedure.

**INSTRUCTIONS**

In answering these interrogatories, furnish all information available to Defendant, including information in the possession of his attorneys, former attorneys, any investigators and all persons acting on his behalf. If Defendant can not answer the interrogatories in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying Defendant's inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

The interrogatories that follow are to be considered as continuing, and Defendant is requested to provide, by way of supplementary answers hereto, such additional information as Defendant or any persons acting on his behalf may hereafter obtain "which will augment, clarify, or otherwise modify the answers now given to these interrogatories. Such supplementary responses

are to be filed and served upon counsel for Plaintiff within ten (10) days after Defendant knows, or should know, of such information.

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

A. "Plaintiff" refers to Stephen Sammartano, his agents, representatives, and any person acting or purporting to act on his behalf or under his control.

B. "Defendant" refers to Raytheon, its agents, representatives, and any person acting or purporting to act on its behalf or under its control,

C. The term "person"[7] means any natural person, corporations, partnerships, sole proprietorships, unions, associations, federations, or any other kind of business, legal or governmental entity,

D. The term "document" includes any printed, typewritten, handwritten, computerized or otherwise recorded matter of whatever character—however produced or reproduced—including but not limited to, files, correspondence, e-mail, contracts, telegrams, agreements, letters, administrative complaints, notes or sound recordings of any type of conversion, meeting or conference, minutes of directors or committee meetings, memoranda, inter-office communications, manuals, employee handbooks, forms, catalogues, brochures, graphs, charts, studies, analyses, reports, summaries and results of investigations and tests, statements, jottings, announcements, depositions, affidavits, photographs, tape recordings, video recordings, motion pictures, reviews, statistical records, ledgers, books of account, vouchers, bank checks, bank statements, check registers, audit reports and other statements^ purchase orders, invoices, receipts, confirmations, negotiable instruments, computer-developed, store or

produced data, stenography or other notebooks, desk and/or other calendars, appointment books, newspaper and/or other articles, blueprints, accounting work sheets, diaries or papers similar to any of the foregoing, however entitled, denominated or described.

E. The term "identify" means, with respect to a person, (1) his or her name; (2) his or her sex; (3) his or her last known home address and telephone number; (4) his or her job title; (5) his or her business address and telephone number; (6) the name and address of his or her employer; and (7) his or her relationship, if any, to Plaintiff.

F, The term "identify" means, with respect to a corporation, association or other entity, (1) the legal name under which such entity is incorporated or registered; (2) the state in which such entity is incorporated or registered; (3) the full business address and telephone number of such entity; and (4) the officers of such entity.

G- The term "identify" means, with respect to documents, (1) the author thereof and the person or persons to whom the document was originally addressed; (2) the source from whom Plaintiff obtained such document or documents; (3) the date of such document or documents; (4) the current custodian of each such document or documents; (5) the location at which the document is situated; and (6) the subject matter of each such document or documents.

**INTERROGATORIES**

**INTERROGATORY NO. 1.**

Identify and describe a complete list of all tasks incorrectly prioritized and or not completed as referred to in the performance improvement plan as "Ability To Prioritize Tasks & Complete Tasks".

**INTERROGATORY NO. 2.**

For each item of the list of Interrogatory 1, describe any and all associated incident(s) in which tasks were incorrectly prioritized and or not completed by Plaintiff to the extent of explaining how the Plaintiff incorrectly prioritized or failed to complete said task(s) and or specify where a description of each incident may be found in the documentation already

delivered to Plaintiff by Defendant. Specify dates and parties involved for any incidents for which associated dates and parties involved are not provided elsewhere. If associated dates and parties involved are provided elsewhere, please indicate where.

**INTERROGATORY NO. 3.**

For each incident of the list identified in interrogatory 2, list any and all notifications of failure to properly prioritize and or complete tasks Plaintiff was given with dates of such notice. Include who made the notification and describe any and all opportunites Plaintiff had to explain.

**INTERROGATORY NO. 4.**

Identify and describe a complete list of all failures relative to communications, abilitiy to follow Raytheon common processes, teamwork, or Ownership/Accountability of issues as referred to in the performance improvement plan sections of those names.

**INTERROGATORY NO. 5.**

For each failure relative to communications, abilitiy to follow Raytheon common processes, teamwork, or Ownership/Accountability of issues identified in interrogatory 4, describe any and all associated incident(s) exhibiting such failure to the extent of explaining how the Plaintiff's actions exhibit said failure and or specify where a description of each incident may be found in the documentation already delivered to Plaintiff by Defendant. Specify dates and parties involved for any incidents for which associated dates and parties involved are not provided elsewhere. If associated dates and parties involved are provided elsewhere, please indicate where.

**INTERROGATORY NO. 6.**

For each incident of the list identified in interrogatory 5, list any and all notifications of unacceptableness with regard to communications, abilitiy to follow Raytheon common processes, teamwork, or Ownership/Accountability of issues Plaintiff was given with date of notification. Include who made the notification and describe any and all opportunites Plaintiff had to explain.

**INTERROGATORY NO. 7.**

Identify and describe a complete list of all negative behavorial issues alleged to be exhibited by Plaintiff and any and all alleged flaws not already mentioned which Defendant alleges to be exhibited by Plaintiff which Defendant had an issue with.

**INTERROGATORY NO. 8.**

For each item of the list identified in Interrogatory 7, describe any and all associated incident(s) exhibiting said item to the extent of explaining how the Plaintiff's actions exhibited said item and or specify where a description of each incident may be found in the documentation already delivered to Plaintiff by Defendant. Specify dates and parties involved for any incidents for which associated dates and parties involved is not provided elsewhere. If associated dates and parties involved is provided elsewhere, please indicate where.

**INTERROGATORY NO. 9.**

For each incident of the list identified in interrogatory 8, list any and all notifications of unacceptableness with regard to said item Plaintiff was given with date of notification. Include who made the notification and describe any and all opportunites Plaintiff had to explain.

**INTERROGATORY NO. 10.**

With regard to incidents involving Christine Lowrie, provide any and all information with regard to why Christine Lowrie was so frightened or in what way Plaintiff's behavior and or email including Exhibits A and B of Affadavit of Sandra Vanier of Defendant's Motion For Summary Judgement was frightening to Christine Lowrie and any steps taken by management such as requests that Christine Lowrie visit a psychiatrist to assist her in said trying times.

**INTERROGATORY NO. 11.**

With regard to incidents involving Christine Lowrie, provide any and all information with regard to what was so frightening or in what way Plaintiff's behavior and or email including Exhibits A and B of Affadavit of Sandra Vanier of Defendant's Motion For Summary

Judgement was frightening.

**INTERROGATORY NO. 12.**

With regard to incidents involving Christine Lowrie as described in Defendant's Motion For Summary Judgement, such incident was in association with Plaintiff's response of "it's going" in answer of Lowrie's enquiry of progress/status. How did Plaintiff's response of "it's going" fail to meet to Defendant's expectations and to the extent that it did what was flawed with Plaintiff's genuine effort to provide requested elaboration as exhibited by Exhibit B of affadavit of Sandra Vanier of Defendant's Motion For Summary Judgement?

**INTERROGATORY NO. 13.**

With regard to the incident involving Christina Erwin, why was it that Plaintiff's position that he was joking which was stated as part of the incident as illustrated in Exhibit C of Affadavit of Sandra Vanier of Defendant's Motion For Summary Judgement not accepted?

**INTERROGATORY NO. 14.**

Aside from being shorter, how were Plaintiff's emails issued in connection with the incident involving Christina Erwin any different than his peers?

**INTERROGATORY NO. 15.**

Aside from being either an attempt of Plaintiff to meet a listener's obviously unmet expectation with regard to his speech problem and/or an illustration of Plaintiff believing that he was being unintentionally harassed in connection with his speech problem, what is the point of Exhibit E of Affadavit of Sandra Vanier of Defendant's Motion for Summary Judgement?

**INTERROGATORY NO. 16.**

How is Exhibit G of Affadavit of Sandra Vanier of Defendant's Motion for Summary Judgement lengthy and antagonistic.

**INTERROGATORY NO. 17.**

With regard to lengthy, what were the dated notifications notifying Plaintiff what constitutes lengthy to Defendant to the extent of enabling Plaintiff to recognize/quantify

Defendant's said metric?

**INTERROGATORY NO. 18.**

With regard to rambling, what were the dated notifications notifying Plaintiff what constitutes rambling to Defendant to the extent of enabling Plaintiff recognize/quantify Defendant's said metric?

**INTERROGATORY NO. 19.**

What is rambling about the emails of Exhibit H of Affadavit of Sandra Vanier of Defendant's Motion for Summary Judgement.

**INTERROGATORY NO 20.**

What is confusing about Exhibit I of Affadavit of Sandra Vanier of Defendant's Motion for Summary Judgement.

**INTERROGATORY NO. 21.**

How is Exhibit A of Affadavit of Robert Froncillo of Defendant's Motion for Summary Judgement threatening?

**INTERROGATORY NO. 22.**

How is Exhibit E of Affadavit of Heather Lemmon of Defendant's Motion for Summary Judgement rambling?

**INTERROGATORY NO. 23.**

How is Exhibit D of Affadavit of Heather Lemmon of Defendant's Motion for Summary Judgement lengthy?

**INTERROGATORY NO. 24.**

Upon Defendant's receipt of Exhibit F of Affadavit of Heather Lemmon of Defendant's Motion for Summary Judgement, what efforts were made to resolve discrepancies and thereby assist Plaintiff in understanding the PIP?

**INTERROGATORY NO. 25.**

Why were Plaintiff's enquiries regarding explanation of flaws of emails ignored?

CERTIFICATION OF SERVICE

To:

Joseph D Whelan

Hinckley, Allen & Snyder LLP

50 Kennedy Plaza, Suite 1500

Providence, RI 02903

(401) 274-2000

(401) 277-9600 ( fax )

I hereby certify that on the 20th day of December, 2007, a copy of the foregoing document was served by mail on the above-named party.

Stephen Sammartano 12/20/2007

Stephen Sammartano

75 Arthur St #4

Pawtucket, RI 02860

401.335.3412

stevesammartano@hotmail.com