**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

Exhibit 4
Exhibit Support of Motion To Compel by Plaintiff

| | | |
|---|---|---|
| **STEPHEN T. SAMMARTANO** **Plaintiff** | : | |
| **Vs.** | : | **C.A. No. 06-535S** |
| **RAYTHEON** **Defendant** | : | |

**PLAINTIFF STEPHEN SAMMARTANO'S**

**THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**TO DEFENDANT RAYTHEON**

Pursuant to Rule 34 of the Federal Court Rules of Civil Procedure, Plaintiff Stephen Sammartano requests that Defendant Raytheon produce the following documents for inspection and/or copying at the offices of Plaintiff's counsel, Stephen Sammartano, 75 Arthur Street #4, Pawtucket, RI 02860 within thirty (30) days of service hereof in accordance with the Federal Rules of Civil Procedure,

**INSTRUCTIONS**

1. In the event that any document sought by the following Requests is not produced on the grounds of attorney-client privilege or work product doctrine, the Plaintiff is requested to provide Defendant[1] s counsel, at the time of document production, with a list of all documents withheld by the Plaintiff on any of said grounds that specifies, for each withheld document: (i) the date of the withheld document, (ii) the identity of its author, (iii) the identity of each and every addressee or recipient of the document, (iv) the genera) nature of its subject matter, and (v) the specific reason for withholding production. This list need not include internal documents of

the Defendant's attorney of record in this action or communications between Defendant and his attorney of record in this action.

2. If no documents exist that are responsive to a particular request, Defendant is requested to so indicate,

3. Documents shall be produced in the form in which they are found in the files— i.e., stapled, clipped, or otherwise fastened together. For each document produced, state the number(s) of the paragraphs) and subparagraph(s) to which it is responsive. The term "documents" includes writings, recordings, tapes and discs of any kind, e-mails and all other matter included under that term as defined in the Federal Court Rules of Civil Procedure and/or rulings of this Court, in the Defendant's possession custody or control, and the custody or control of any officer, director, agent, or any other person purporting to act for or on behalf of the Defendant.

**DEFINITIONS**

As used herein, the following terms shall have the meanings indicated below;

A. "Defendant or "you" refers to Raytheon, his agents, representatives, and any person acting or purporting to act on his behalf or under his control,

B. "Plaintiff" refers to Stephen Sammartano, its agents, representatives, and any person acting or purporting to act on its behalf or under its control.

C. The term "person" means any natural person, corporations, partnerships, sole
proprietorships, unions, associations, federations, or any other kind of business, legal or governmental entity.

D. The term "document" includes any printed, typewritten, handwritten, computerized or otherwise recorded matter of whatever character, however produced or reproduced, including but not limited to, files, correspondence, e-mail, contracts, telegrams, agreements, letters, administrative complaints, notes or sound recordings of any type of conversion, meeting or conference, minutes of directors or committee meetings, memoranda, inter-office communications, manuals, employee handbooks, forms, catalogues, brochures., graphs, charts, studies, analyses, reports, summaries and results of investigations and tests, statements, jottings, announcements, depositions, affidavits, photographs, tape recordings, video recordings, motion pictures, reviews, statistical records, ledgers, books of account, vouchers, bank checks, bank statements, check registers, audit reports and other statements, purchase orders, invoices, receipts, confirmations, negotiable instruments, computer-developed, store or produced data, stenography or other notebooks, desk and/or other calendars, appointment books, newspaper and/or other articles, blueprints, accounting work sheets, diaries or papers similar to any of the foregoing, however entitled, denominated or described,

*E* The term "communication" includes any written or oral communication, in person, by telephone, by electronic mail, or by any other means, A document transferred, whether temporarily or permanently, from one person to another shall be deemed to be a communication between such persons whether or not such document was prepared or created by the transferor or addressed to the transferee.

F. The phrases "relate to" or "relating to" shall mean directly or indirectly, in whole or in pan, evidencing, constituting, mentioning, recording, discussing, reflecting, substantiating, describing, summarizing, identifying, referring to, or concerning in any way.

G, Any reference to a municipal, corporate or business entity herein shall include the agents, officers, directors, trustees, and attorneys of the entity.

H. As used herein, the singular includes the plural, and the plural includes the singular.

**REQUESTS**

**REQUEST NO. 1.**

Any and all weekly activity reports submitted by Plaintiff to Defendant during the Plaintiff's period of employment by Defendant.

**REQUEST NO. 2.**

Any and all training transcripts representing completed courses or waivers received by Plaintiff during the Plaintiff's period of employment by Defendant.

**REQUEST NO. 3.**

Any and all goal transcipts completed by Plaintiff during the Plaintiff's period of employment by Defendant.

**REQUEST NO. 4.**

Any and all supporting documents such as incident reports not already provided to Plaintiff in regards to or in support of Plaintiff's Third Set Of Interrogatories. When such documents have already been provided, please reference such document as support of the associated interrogatory.

**REQUEST NO. 5.**

Provide any and all supporting documents as evidence which substantiate that the characteristic of lengthy and antagonistic as referenced in Interrogatory 16 of Plaintiff's Third Set Of Interrogatories was typical of Plaintiff as opposed to an isolated incident, that such characteristic was atypical of other employees, and or that such characteristic was an ongoing behavior of Plaintiff for which Defendant was seeking correction of from Plaintiff to the extent of explaining to Plaintiff how to recognize such flaw?

**REQUEST NO. 6.**

Provide any and all supporting documents as evidence which substantiate that the Plaintiff was notified at the time of Exhibit G of the lengthy and antagonisitic nature of Exhibit G to the extent of allowing such flaw to be recognized as referenced in Interrogatory 16 of Plaintiff's Third Set Of Interrogatories.

**REQUEST NO. 7.**

With regard to lengthy as referenced in Interrogatory 17 of Plaintiff's Third Set Of Interrogatories, provide any and all dated notifications notifying Plaintiff what constitutes lengthy to Defendant to the extent of enabling Plaintiff to recognize/quantify Defendant's said metric.

**REQUEST NO. 8.**

With regard to rambling as referenced in Interrogatory 18 of Plaintiff's Third Set Of Interrogatories, provide any and all dated notifications notifying Plaintiff what constitutes rambling to Defendant to the extent of enabling Plaintiff to recognize/quantify Defendant's said metric.

**REQUEST NO. 9.**

Provide any and all supporting documents as evidence which substantiate that the characteristic of rambling as referenced in Interrogatory 19 of Plaintiff's Third Set Of Interrogatories was typical of Plaintiff as opposed to an isolated incident, that such characteristic was atypical of other employees, and or that such characteristic was an ongoing behavior of Plaintiff for which Defendant was seeking correction of from Plaintiff to the extent of explaining to Plaintiff how to recognize such flaw?

**REQUEST NO. 10.**

Provide any and all supporting documents as evidence which substantiate that the Plaintiff was notified at the time of Exhibit H of the rambling nature of Exhibit H as referenced in Interrogatory 19 of Plaintiff's Third Set Of Interrogatories to the extent of

allowing such flaw to be recognized.

**REQUEST NO. 11.**

Provide any and all supporting documents as evidence which substantiate that the characteristic of confusing as referenced in Interrogatory 20 of Plaintiff's Third Set Of Interrogatories was typical of Plaintiff as opposed to an isolated incident, that such characteristic was atypical of other employees, and or that such characteristic was an ongoing behavior of Plaintiff for which Defendant was seeking correction of from Plaintiff to the extent of explaining to Plaintiff how to recognize such flaw?

**REQUEST NO. 12.**

Provide any and all supporting documents as evidence which substantiate that the Plaintiff was notified at the time of Exhibit I of the confusing nature of Exhibit I as referenced in Interrogatory 20 of Plaintiff's Third Set Of Interrogatories to the extent of allowing such flaw to be recognized.

**REQUEST NO. 13.**

Provide any and all supporting documents as evidence which substantiate that the characteristic of threatening as referenced in Interrogatory 21 of Plaintiff's Third Set Of Interrogatories was typical of Plaintiff as opposed to an isolated incident, that such characteristic was atypical of other employees, and or that such characteristic was an ongoing behavior of Plaintiff for which Defendant was seeking correction of from Plaintiff to the extent of explaining to Plaintiff how to recognize such flaw?

**REQUEST NO. 14.**

Provide any and all supporting documents as evidence which substantiate that the Plaintiff was notified at the time of Exhibit A of the threatening nature of Exhibit A as referenced in Interrogatory 21 of Plaintiff's Third Set Of Interrogatories to the extent of allowing such flaw to be recognized.

**REQUEST NO. 15.**

Provide any and all supporting documents as evidence which substantiate that the Plaintiff was notified at the time of Exhibit E of the rambling nature of Exhibit E or of the Defendant's inability to understand Exhibit E as referenced in Interrogatory 22 of Plaintiff's Third Set Of Interrogatories to the extent of allowing such flaw to be recognized.

**REQUEST NO. 16.**

Provide any and all supporting documents as evidence which substantiate that the Plaintiff was notified at the time of Exhibit D of the lengthy nature of Exhibit D or of the Defendant's inability to understand Exhibit D as referenced in Interrogatory 23 of Plaintiff's Third Set Of Interrogatories to the extent of allowing such flaw to be recognized.

CERTIFICATION OF SERVICE

To:

Joseph D Whelan

Hinckley, Allen & Snyder LLP

50 Kennedy Plaza, Suite 1500

Providence, RI 02903

(401) 274-2000

(401) 277-9600 ( fax )

I hereby certify that on the 20th day of December, 2007, a copy of the foregoing document was served by mail on the above-named party.

Stephen Sammartano 12/20/2007

Stephen Sammartano

75 Arthur St #4

Pawtucket, RI 02860

401.335.3412

stevesammartano@hotmail.com