UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STEPHEN T. SAMMARTANO<br>Plaintiff | : | |
| VS | : | C.A. NO. 06-535S |
| RAYTHEON<br>Defendant | : | |

**DEFENDANT RAYTHEON'S**
**OBJECTION TO PLAINTIFF'S MOTION TO COMPEL**

Defendant, Raytheon, objects to plaintiff's motion to compel more responsive answers to interrogatories and requests for production. In support of this objection, defendant relies on the reasons presented in the accompanying memorandum of law.

RAYTHEON

By its Attorneys,

/s/ Joseph D. Whelan

Joseph D. Whelan (#5694)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
jwhelan@haslaw.com

Dated: January 22, 2008

**CERTIFICATION OF SERVICE**

To:

Stephen Sammartano, pro se
75 Arthur Street #4
Pawtucket, RI 02860

I hereby certify that on the 22nd day of January, 2008, a copy of the foregoing Objection to Plaintiff's Motion to Compel was filed electronically and served by mail on the above-named party.

/s/ Joseph D. Whelan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STEPHEN T. SAMMARTANO | : | |
| Plaintiff | : | |
| | : | |
| VS | : | C.A. NO. 06-535S |
| | : | |
| RAYTHEON | : | |
| Defendant | : | |

**DEFENDANT RAYTHEON'S MEMORANDUM OF LAW IN SUPPORT OF THE OBJECTION TO PLAINTIFF'S MOTION TO COMPEL**

## I. Introduction

Defendant, Raytheon, objects to plaintiff Stephen T. Sammartano's Motion to Compel Raytheon to answer interrogatories and provide documents responsive to Sammartano's document requests.

Sammartano's discovery requests are objectionable for various reasons. For example, in document requests Nos. 4 and 5, Sammartano moves to compel production of medical records of non-party employees of Raytheon that are not relevant to this matter and are privileged and private. Document requests Nos. 7, 12, 13, 14, and 15, are so overly broad, irrelevant, and/or ambiguous that Raytheon cannot respond to them. Regarding Interrogatory No. 13, which contains 12 (twelve) subparts and logically encompasses at least five (5) different interrogatories, Raytheon already has given responsive answers. The remainder of Sammartano's motion to compel pertains to his third set of interrogatories and third set of requests for documents. The due date for these responses has not yet passed. Raytheon will respond to the third set of requests in a timely manner.

## II. Raytheon's Objection as to Form

As a preliminary matter, Raytheon objects to Sammartano's Motion to Compel because it violates Local Rule of Civil Proceeding 37(a). The Motion to Compel does not state the relevant interrogatories or requests or the responses made. For purposes of the Court's review, we include this information below; provided that we do not include such information for Sammartano's third set of requests for documents and third set of interrogatories because the response date has not yet passed for these discovery requests.

## III. Discovery Requests and Responses

### A. Sammartano's First Set of Requests for Documents and Responses

Sammartano's Request No. 4: Any and all documents that relate to any physical or psychological illness, infirmity, injury or impairment of Defendant's agents or representatives who acted in connection with the allegations claimed by the Plaintiff from January 1, 2003 to the present including—but not limited to—physician, hospital or pharmaceutical records and bills

Raytheon's Response No. 4: See General Objections. In addition to the General Objections, Raytheon objects to Request No. 4 on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and it imposes an obligation on Raytheon beyond the scope of the FRCP and the Local Rules of this Court. Raytheon also objects to this request on the grounds that it seeks information and documents which are protected by the doctor/patient privilege, the patient/psychotherapist privilege, the facility/patient privilege and the patient/social worker privilege. Raytheon further objects to Request No. 4 to the extent that it seeks the confidential, sensitive and personal information of non-parties to this action, the disclosure of which will invade the privacy rights of current and/or former employees of Raytheon.

Sammartano's Request No. 5: Any and all documents that relate to visits Defendant's agents or representatives who acted in connection with the allegations claimed by the Plaintiff made to — or any counseling, treatment, advice, examination or testing received by Defendant's agents or representatives who acted in connection with the allegations claimed by the Plaintiff — from any physician, psychiatrist, social worker or other health care professional from January 1, 2003 to the present.

Raytheon's Response No. 5: See General Objections. In addition to the General Objections, Raytheon objects to Request No. 4 on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and it imposes an obligation on Raytheon beyond the scope of the FRCP and the Local Rules of this Court. Raytheon also objects to this request on the grounds that it seeks information and documents which are protected by the doctor/patient privilege, the patient/psychotherapist privilege, the facility/patient privilege and the patient/social worker privilege. Raytheon further objects to Request No. 4 to the extent that it seeks the confidential, sensitive and personal information of non-parties to this action, the disclosure of which will invade the privacy rights of current and/or former employees of Raytheon.

Sammartano's Request No. 7: All written statements and other documentation provided to Defendant or his agents by any person who Plaintiff alleges has knowledge of the allegations contained in the Complaint.

Raytheon's Response No. 7: See General Objections. In addition to the General Objections, Raytheon objects to Request No. 7 on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and it imposes an obligation on Raytheon beyond the scope of the FRCP and the Local Rules of this Court.

Sammartano's Request No. 12: Any and all documents relating to additional monies paid to Six Sigma awarded recipients from January 1, 2003 to the present.

Raytheon's Response No. 12: See General Objections. In addition to the General Objections, Raytheon objects to Request No. 12 on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and it imposes an obligation on Raytheon beyond the scope of the FRCP and the Local Rules of this Court.

Sammartano's Request No. 13: Any and all written statements, tape recorded statements and other documentation that Defendant has in his possession stating or concerning any and all admissions or statements against him made by Plaintiff or any employee, officer, agent or representative of the Plaintiff.

Raytheon's Response No. 13: See General Objections. In addition to the General Objections, Raytheon objects to Request No. 13 on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and it imposes an obligation on

Raytheon beyond the scope of the FRCP and the Local Rules of this Court.

Sammartano's Request No. 14: Any and all documents or correspondence of any kind that relate in any to the Plaintiff's performance including but not limited to weekly activity reports submitted by Plaintiff, courses completed by Plaintiff, credit for career development activities relative to activities of Plaintiff while employment by Defendant.

Raytheon's Response No. 14: See General Objections. In addition to the General Objections, Raytheon objects to Request No. 14 on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and it imposes an obligation on Raytheon beyond the scope of the FRCP and the Local Rules of this Court. To the extent not objected to and to the extent it has not already produced such documents with its Initial Disclosure Statement, and to the extent it has any, Raytheon shall produce responsive documents within its possession, custody or control.

Sammartano's Request No. 15: Any and all documents or correspondence of any kind that relate in any way to the Plaintiff's completed work.

Raytheon's Response No. 15: See General Objections. In addition to the General Objections, Raytheon objects to Request No. 15 on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and it imposes an obligation on Raytheon beyond the scope of the FRCP and the Local Rules of this Court.

**B. Sammartano's First Set of Interrogatories and Responses**

Sammartano's Request No. 13: With specificity identify and describe the means by which the Plaintiff was notified of delinquencies in performance and provide any information relative with regard to the Plaintiff being notified of such delinquency. For each delinquency and notification specify:

a. What the delinquency was;
b. What the notification was;
c. Who made the notification;
d. What opportunity if any the Plaintiff was given to correct the delinquency including but not limited to strong recommendations for associated training;
e. How the Plaintiff utilized the opportunity to correct the delinquency and what the result of the Plaintiff's effort was;
f. The date the notification was made;
g. Whether the performance indicator upon which the delinquency was based was explained to the Plaintiff so that the Plaintiff could recognize this particular delinquency in this particular situation,

this type of delinquency in general, this type of delinquency in the future, how to prevent/avoid this type of delinquency, how to correct this type of delinquency, how to expect to be judged with respect to this type of delinquency equally to his peers;

h. Whether the performance indicator was uniformly applied to all employees;

i. Whether the performance indicator was uniformly applied to employees of similar position as Plaintiff;

j. Whether the Plaintiff had previous knowledge of this performance indicator to the extent of being able to recognize the associated delinquency for purposes of correction, prevention, expectations of judgment;

k. The impact of the Plaintiff's deliverable directly as a result of this delinquency;

l. The comparative effect with respect to work of his peers because of this delinquency including but not limited to cost/use of company resources as a result of Plaintiff's delinquency.

Raytheon's Response No. 13: In addition to the General Objections, Defendant objects to this interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant states as follows: Plaintiff was notified of his delinquencies as follows: (i) on or around December of 2004, Sandra Vanier met with Plaintiff to discuss complaints from his co-workers regarding behavioral issues; (ii) on March 20, 2005, Sandra Vanier gave Plaintiff his 2004 performance and development summary outlining certain delinquencies of Plaintiff; (iii) on August 24, 2005, Sandra Vanier gave Plaintiff his mid year performance 2005 review outlining certain delinquencies of Plaintiff, (iv) on October 25, 2005, Heather Lemmon met with Plaintiff to discuss troubling interpersonal behavioral issues that had been addressed with her by Plaintiff's coworkers and managers; (v) on January 13, 2006, Plaintiff was placed on a performance improvement plan; and (vi) on February 20, 2006, Heather Lemmon informed Plaintiff that he was required to be evaluated by a psychiatrist in order to prove that he was fit to work. Plaintiff was given ample opportunity to correct his delinquencies and to be evaluated by a psychiatrist, but did not do so.

## IV. Argument

Raytheon sets forth its objections to each numbered paragraph as follows.

### A. Sammartano's Motion to Compel More Responsive Answers to the First Set of Requests for Documents

Raytheon's Objection to Request No. 4: Sammartano cites no legal authority to support this request. These documents have no relationship to Sammartano's allegations of discrimination based on his alleged disability, stuttering. Sammartano's reasoning, that "establishing any anomalies in the Defendant's state of mind or in the state of mind of its agents may reveal relevant information with regard to perceptions Defendant or Defendant's agents had of the Plaintiff or actions taken in connection with the Plaintiff by Defendant or Defendant's agents," is absurd. He cites no legal authority supporting his argument that Raytheon's non-party agents' medical records are in any way relevant to Sammartano's allegations of disability discrimination. Accordingly, this request is not reasonably calculated to lead to the discovery of admissible evidence.

Furthermore, to the extent medical records of non-party agents of Raytheon exist, they are protected by doctor/patient privilege, patient/psychotherapist privilege, facility/patient privilege and/or patient/social worker privilege codified in the Confidentiality of Health Care Information Act, R.I. Gen. Laws. § 5-37.3 et. seq. The medical records are also private and confidential documents. Sammartano raises no legal basis concerning why these documents are not privileged or why disclosure would not violate the privacy rights of these individuals. Because this motion to compel is unwarranted and unjustified, the Court should deny it.

Raytheon's Objection to Request No. 5: Raytheon re-asserts its argument above regarding Sammartano's Request No. 4. The requested documents are irrelevant to Sammartano's allegations of disability discrimination and are privileged and confidential.

Raytheon's Objection to Request No. 7: Request No. 7 is overly broad in that it is not limited to the scope of this litigation.

Raytheon's Objection to Request No. 12: Sammartano's request is vague and ambiguous because is not clear what is meant by "additional monies." Furthermore, Sammartano did not allege in his complaint that he was unfairly compensated based on his disability. Therefore, these documents, to the extent they exist, have no relationship to the issues in this matter. Accordingly, this request is not reasonably calculated to lead to the discovery of admissible evidence.

Raytheon's Objection to Request No. 13: Sammartano's request is vague and ambiguous because it is not clear what is meant by documents concerning "any and all admissions or statements against him…." It is also overly broad in that it appears to be in no way limited to the scope of this litigation.

Raytheon's Objection to Request No. 14: Sammartano's request is overly broad in that it is not limited to the scope of this litigation. It is vague and ambiguous because it is not clear what is meant by documents "that related in any way to the plaintiff's performance." Raytheon also objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, Raytheon will produce, to the extent it has any, weekly activity reports; training transcripts representing completed courses or waivers received by Plaintiff; and goal transcripts completed by Plaintiff.

Raytheon's Objection to Request No. 15: Sammartano's request is overly broad in that it is in no way limited to the scope of this litigation. It is also vague and ambiguous because it is not clear what is meant by documents that "relate in any way to Plaintiff's completed work." Raytheon also objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence.

**B. Sammartano's Motion to Compel More Responsive Answers to the First Set of Interrogatories**

Raytheon's Objection to Interrogatory No. 13: Sammartano's Interrogatory No. 13, including twelve (12) subparts, logically should be divided into at least five (5) different interrogatories because not all of the subparts logically and necessarily relate to the primary question. See 7 Moore's Federal Practice, § 33.30[2] (Matthew Bender 3d ed.) (noting that the best practice "is that subparts may be counted as part of one interrogatory if they are logically and necessarily related to the primary question").

First, Sammartano requested that Raytheon "identify and describe the means by which the Plaintiff was notified of delinquencies in performance." The subparts that logically and necessarily relate to the primary question of Raytheon's notification to Sammartano of his delinquencies are a) "what the delinquency was;" b) "what the notification was;" c) "who made the notification;" f) "the date the notification was made;" g) "whether the performance indicator upon which the delinquency was based was explained to the Plaintiff;" and j) "whether Plaintiff had previous knowledge of this performance indicator." Raytheon responded to this interrogatory.

Second, in subpart d, Sammartano requested that Raytheon identify any opportunity that he was given to correct his delinquencies. Raytheon responded to this interrogatory and adds here by way of further clarification that the "opportunity" that

Raytheon gave to Sammartano to correct his delinquencies was to continue to employ him after he was notified of his deficiencies and to give him an opportunity to keep his job if he agreed to be evaluated by a psychiatrist.

Third, in subpart e, Sammartano requested that Raytheon explain how he "utilized the opportunity to correct the delinquency and what the result of the Plaintiff's effort was." Raytheon responded to this interrogatory and adds here by way of clarification that it was Sammartano's obligation to utilize the opportunities he was given correct his delinquencies, which he did not do. The result of his lack of effort to correct his delinquencies was that Raytheon terminated his employment.

Fourth, in subparts h. and i., Sammartano requested that Raytheon indicate "whether the performance indicator was uniformly applied to all employees" and "whether the performance indicator was uniformly applied to employees of similar position as Plaintiff." Raytheon objects to this interrogatory because it is vague and ambiguous. It is not clear what is meant by "the performance indicator" or "similar position." Notwithstanding that objection, Raytheon asserts that it is an equal opportunity employer and does not discriminate against any individual on the basis of race, creed, color, national origin, sexual orientation, sex, physical or mental disability, age, or any other prohibited reason.

Fifth, in subparts k. and l., Sammartano requested that Raytheon address the "impact of the Plaintiff's deliverable directly as a result of this delinquency" and "the comparative effect with respect to the work of his peers because of this delinquency…" Raytheon objects to this inquiry because it is vague and ambiguous. It is not clear what is mean by the "impact of the Plaintiff's deliverable" or the "comparative effect …because

of this delinquency." To the extent that this interrogatory requests a quantification of how Plaintiff's delinquencies impacted his ability to perform his assigned tasks and a quantification of Sammartano's performance relative to his peers, this is unduly burdensome and in fact, impossible to quantify. Furthermore, this interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**C. Sammartano's Motion to Compel More Responsive Answers to the Third Set of Interrogatories**

Raytheon's responses to Sammartano's third set of interrogatories are not yet due. Raytheon will respond timely to this request.

**D. Sammartano's Motion to Compel More Responsive Answers to the Third Set of Requests for Documents**

Raytheon's responses to Sammartano's third set of requests for documents are not yet due. Raytheon will respond timely to this request.

**V. Conclusion**

For these reasons, the Court should deny Sammartano's motion to compel.

RAYTHEON

By its Attorneys,

/s/ Joseph D. Whelan
Joseph D. Whelan (#5694)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
jwhelan@haslaw.com

Dated: January 22, 2008

**CERTIFICATION OF SERVICE**

To:

Stephen Sammartano, pro se
75 Arthur Street #4
Pawtucket, RI 02860

I hereby certify that on the 22nd day of January, 2008, a copy of the foregoing Memorandum in Support of Raytheon's Objection to Plaintiff's Motion to Compel was served by mail on the above-named party.

/s/ Joseph D. Whelan