UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STEPHEN T. SAMMARTANO :
Plaintiff :
:
VS : C.A. NO. 06-535S
:
RAYTHEON :
Defendant :

Exhibit 1

**DEFENDANT RAYTHEON'S RESPONSE TO PLAINTIFF'S THIRD SET OF INTERROGATORIES**

**GENERAL OBJECTIONS**

Defendant objects to Plaintiff's Third Set of Interrogatories to the extent they seek to impose a duty on defendant beyond that required by the Federal Rules of Civil Procedure ("FRCP") and the Local Rules of this Court. Defendant further objects to Plaintiff's Third Set of Interrogatories to the extent they seek information that: (1) represents attorney-work product; (2) is protected by the attorney-client privilege or any other applicable privilege; (3) has been prepared in anticipation of litigation at the request of counsel; (4) concerns irrelevant and confidential financial, proprietary, or medical information; (5) requests information concerning matters of public record; and (6) seeks information that requires the defendant to draw a legal conclusion.

Finally, the answers set forth herein are made without waiving the following:

1. The right to object on the grounds of competency, privilege, relevance, materiality or any other proper ground, to the use of any material produced herein, in whole or in part, for any purpose, in any subsequent proceeding in this action or in any other action;

2. The right to object on any and all proper grounds, at any time, to other interrogatories or other discovery procedures involving or relating to the subject matter of the requests responded to herein; and

3. The right, at any time, to revise, correct, modify, supplement or clarify any of the answers provided herein.

All of defendant's answers are made subject to the foregoing objections, comments and qualifications.

**Interrogatory No. 1**: Identify and describe a complete list of all tasks incorrectly prioritized and or not completed as referred to in the performance improvement plan as "Ability to Prioritize Tasks & Complete Tasks".

**Response to Interrogatory No. 1**: See General Objections. Subject to and without waiving these objections, Defendant objects to Interrogatory No. 1 on the grounds that it is repetitive of Plaintiff's First Set of Interrogatories, No. 13, which asked for details of Raytheon's notification to Plaintiff of his deficiencies. Raytheon has already produced copies of Plaintiff's performance evaluations and any electronic mail messages or other documentation discussing Plaintiff's performance deficiencies.

**Interrogatory No. 2**: For each item of the list of Interrogatory 1, describe any and all associated incident(s) in which tasks were incorrectly prioritized and or not completed by Plaintiff to the extent of explaining how the Plaintiff incorrectly prioritized or failed to complete said task(s) and or specify where a description of each incident may be found in the documentation already delivered to Plaintiff by Defendant. Specify dates and parties involved

for any incidents for which associated dates and parties involved are not provided elsewhere. If associated dates and parties involved are provided elsewhere, please indicate where.

**Response to Interrogatory No. 2**: See General Objections. Subject to and without waiving these objections, Defendant objects to this interrogatory because it is vague and ambiguous in that it is unclear what is meant by "associated incident(s)" and "associated dates."

**Interrogatory No. 3**: For each incident of the list identified in interrogatory 2, list any and all notifications of failure to properly prioritize and or complete tasks Plaintiff was given with dates of such notice. Include who made the notification and describe any and all opportunities Plaintiff had to explain.

**Response to Interrogatory No. 3**: Because no incident was identified in Interrogatory No. 2, no response is required to Interrogatory No. 3.

**Interrogatory No. 4**: Identify and describe a complete list of all failures relative to communications, ability to follow Raytheon common processes, teamwork, or Ownership/Accountability of issues as referred to in the performance improvement plan sections of those names.

**Response to Interrogatory No. 4**: Defendant objects to each and every subsequent interrogatory in Plaintiff's Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**Interrogatory No. 5**: For each failure relative to communications, ability to follow Raytheon common processes, teamwork, or Ownership/Accountability of issues identified in

interrogatory 4, describe any and all associated incident(s) exhibiting such failure to the extent of explaining how the Plaintiff's actions exhibit said failure and or specify where a description of each incident may be found in the documentation already delivered to Plaintiff by Defendant. Specify dates and parties involved for any incidents for which associated dates and parties involved are not provided elsewhere. If associated dates and parties involved are provided elsewhere, please indicate where.

**Response to Interrogatory No. 5:** Defendant objects to each and every subsequent interrogatory in Plaintiff's Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**Interrogatory No. 6:** For each incident of the list identified in interrogatory 5, list any and all notifications of unacceptableness with regard to communications, ability to follow Raytheon common processes, teamwork, or Ownership/Accountability of issues Plaintiff was given with date of notification. Include who made the notification and describe any and all opportunities Plaintiff had to explain.

**Response to Interrogatory No. 6:** Defendant objects to each and every subsequent interrogatory in Plaintiff's Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**Interrogatory No. 7:** Identify and describe a complete list of all negative behavioral issues alleged to be exhibited by Plaintiff and any and all alleged flaws not already mentioned which Defendant alleges to be exhibited by Plaintiff which Defendant had an issue with.

**Response to Interrogatory No. 7:** Defendant objects to each and every subsequent interrogatory in Plaintiff's Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**Interrogatory No. 8:** For each item of the list identified in Interrogatory 7, describe any and all associated incident(s) exhibiting said item to the extent of explaining how the Plaintiff's actions exhibited said item and or specify where a description of each incident may be found in the documentation already delivered to Plaintiff by Defendant. Specify dates and parties involved for any incidents for which associated dates and parties involved is not provided elsewhere. If associated dates and parties involved is provided elsewhere, please indicate where.

**Response to Interrogatory No. 8:** Defendant objects to each and every subsequent interrogatory in Plaintiff's Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**Interrogatory No. 9:** For each incident of the list identified in interrogatory 8, list any and all notifications of unacceptableness with regard to said item Plaintiff was given with date of

notification. Include who made the notification and describe any and all opportunities Plaintiff had to explain.

**Response to Interrogatory No. 9:** Defendant objects to each and every subsequent interrogatory in Plaintiff's Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**Interrogatory No. 10:** With regard to incidents involved Christine Lowrie, provide any and all information with regard to why Christine Lowrie was so frightened or in what way Plaintiff's behavior and or email including Exhibits A and B of Affidavit of Sandra Vanier of Defendant's Motion For Summary Judgment was frightening to Christine Lowrie and any steps taken by management such as requests that Christine Lowrie visit a psychiatrist to assist her in said trying times.

**Response to Interrogatory No. 10:** Defendant objects to each and every subsequent interrogatory in Plaintiff's Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**Interrogatory No. 11:** With regard to incidents involving Christine Lowrie, provide any and all information with regard to what was so frightening or in what way Plaintiff's behavior and or email including Exhibits A and B of Affidavit of Sandra Vanier of Defendant's Motion for Summary Judgment was frightening.

**Response to Interrogatory No. 11**: Defendant objects to each and every subsequent interrogatory in Plaintiff's Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**Interrogatory No. 12**: With regard to incidents involving Christine Lowrie as described in Defendant's Motion for Summary Judgment, such incident was in association with Plaintiff's response to "it's going" in answer of Lowrie's inquiry of progress/status. How did Plaintiff's response "it's going" fail to meet to Defendant's expectations and to the extent that it did what was flawed with Plaintiff's genuine effort to provide requested elaboration as exhibited by Exhibit B of affidavit of Sandra Vanier of Defendant's Motion for Summary Judgment.

**Response to Interrogatory No. 12**: Defendant objects to each and every subsequent interrogatory in Plaintiff's Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**Interrogatory No. 13**: With regard to the incident involving Christina Erwin, why was it that Plaintiff's position that he was joking which was stated as part of the incident as illustrated in Exhibit C of Affidavit of Sandra Vanier of Defendant's Motion for Summary Judgment not accepted?

**Response to Interrogatory No. 13**: Defendant objects to each and every subsequent interrogatory in Plaintiff's Third Set of Interrogatories on the grounds that Plaintiff has exceeded

the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**Interrogatory No. 14:** Aside from being shorter, how were Plaintiff's emails issued in connection with the incident involving Christina Erwin any different than his peers?

**Response to Interrogatory No. 14:** Defendant objects to each and every subsequent interrogatory in Plaintiff's Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**Interrogatory No. 15:** Aside from being either an attempt of Plaintiff to meet a listener's obviously unmet expectation with regard to his speed problem and/or an illustration of Plaintiff believing that he was being unintentionally harassed in connection with his speech problem, what is the point of Exhibit E of Affidavit of Sandra Vanier of Defendant's Motion for Summary Judgment?

**Response to Interrogatory No. 15:** Defendant objects to each and every subsequent interrogatory in Plaintiff's Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**Interrogatory No. 16:** How is Exhibit G of Affidavit of Sandra Vanier of Defendant's Motion for Summary Judgment length and antagonistic.

**<u>Response to Interrogatory No. 16</u>:** Defendant objects to each and every subsequent interrogatory in Plaintiff's Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**<u>Interrogatory No. 17</u>:** With regard to lengthy, what were the dated notifications notifying Plaintiff what constitutes lengthy to Defendant to the extent of enabling Plaintiff to recognize/quantify Defendant's said metric?

**<u>Response to Interrogatory No. 17</u>:** Defendant objects to each and every subsequent interrogatory in Plaintiff's Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**<u>Interrogatory No. 18</u>:** With regard to rambling, what were the dated notifications notifying Plaintiff what constitutes rambling to Defendant to the extent of enabling Plaintiff recognize/quantify Defendant's said metric.

**<u>Response to Interrogatory No. 18</u>:** Defendant objects to each and every subsequent interrogatory in Plaintiff's Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**<u>Interrogatory No. 19</u>:** What is rambling about the emails of Exhibit H of Affidavit of Sandra Vanier of Defendant's Motion for Summary Judgment.

**<u>Response to Interrogatory No. 19</u>:** Defendant objects to each and every subsequent interrogatory in Plaintiff's Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**<u>Interrogatory No. 20</u>:** How is confusing about Exhibit I of Affidavit of Sandra Vanier of Defendant's Motion for Summary Judgment.

**<u>Response to Interrogatory No. 20</u>:** Defendant objects to each and every subsequent interrogatory in Plaintiff's Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**<u>Interrogatory No. 21</u>:** How is Exhibit A of Affidavit of Robert Froncillo of Defendant's Motion for Summary Judgment threatening?

**<u>Response to Interrogatory No. 21</u>:** Defendant objects to each and every subsequent interrogatory in Plaintiff's Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**<u>Interrogatory No. 22</u>:** How is Exhibit E of Affidavit of Heather Lemmon of Defendant's Motion for Summary judgment rambling?

**<u>Response to Interrogatory No. 22</u>:** Defendant objects to each and every subsequent interrogatory in Plaintiff's Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**<u>Interrogatory No. 23</u>:** How is Exhibit D of Affidavit of Heather Lemmon of Defendant's Motion for Summary Judgment lengthy?

**<u>Response to Interrogatory No. 23</u>:** Defendant objects to each and every subsequent interrogatory in Plaintiff's Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**<u>Interrogatory No. 24</u>:** Upon Defendant's receipt of Exhibit F of Affidavit of Heather Lemmon of Defendant's Motion for Summary Judgment, what efforts were made to resolve discrepancies and thereby assist Plaintiff in understanding the PIP?

**<u>Response to Interrogatory No. 24</u>:** Defendant objects to each and every subsequent interrogatory in Plaintiff's Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**Interrogatory No. 25:** Why were Plaintiff's inquiries regarding explanation of flaws of emails ignored?

**Response to Interrogatory No. 25:** Defendant objects to each and every subsequent interrogatory in Plaintiff's Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

RAYTHEON

By:______________________________

Its:______________________________

Subscribed and sworn to before me this ____ day of January, 2008.

________________________________
Notary Public

My Commission Expires_______________

AS TO OBJECTIONS:

Joseph D. Whelan / DKH

Joseph D. Whelan (#5694)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
jwhelan@haslaw.com

Dated: January ___, 2008

**CERTIFICATION OF SERVICE**

To:

Stephen Sammartano, pro se
75 Arthur Street #4
Pawtucket, RI 02860

I hereby certify that on the 22nd day of January, 2008, a copy of the foregoing document was served by mail on the above-named party.

Cynthia Tomas