Exhibit 3

Item 15

Defendant's First Set

OF

Interrogatories

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STEPHEN T. SAMMARTANO Plaintiff | : | |
| | : | |
| VS | : | C.A. NO. 06-535S |
| | : | |
| RAYTHEON Defendant | : | |

## DEFENDANT RAYTHEON'S FIRST SET OF INTERROGATORIES TO PLAINTIFF STEPHEN T. SAMMARTANO

Pursuant to Rule 33 of the Federal Court Rules of Civil Procedure, Defendant Raytheon propounds the following interrogatories to Plaintiff Stephen T. Sammartano to be answered under oath within thirty (30) days of the date of service hereof in accordance with the Federal Rules of Civil Procedure.

## INSTRUCTIONS

In answering these interrogatories, furnish all information available to Plaintiff, including information in the possession of his attorneys, former attorneys, any investigators and all persons acting on his behalf. If Plaintiff can not answer the interrogatories in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying Plaintiff's inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

The interrogatories that follow are to be considered as continuing, and Plaintiff is requested to provide, by way of supplementary answers hereto, such additional information as Plaintiff or any persons acting on his behalf may hereafter obtain which will augment, clarify, or otherwise modify the answers now given to these interrogatories. Such supplementary responses

are to be filed and served upon counsel for Defendant within ten (10) days after Plaintiff knows, or should know, of such information.

**DEFINITIONS**

As used herein, the following terms shall have the meanings indicated below:

A. "Plaintiff" or "you" refers to Stephen T. Sammartano, his agents, representatives, and any person acting or purporting to act on his behalf or under his control.

B. "Defendant" refers to Raytheon, its agents, representatives, and any person acting or purporting to act on its behalf or under its control.

C. The term "person" means any natural person, corporations, partnerships, sole proprietorships, unions, associations, federations, or any other kind of business, legal or governmental entity.

D. The term "document" includes any printed, typewritten, handwritten, computerized or otherwise recorded matter of whatever character—however produced or reproduced—including but not limited to, files, correspondence, e-mail, contracts, telegrams, agreements, letters, administrative complaints, notes or sound recordings of any type of conversion, meeting or conference, minutes of directors or committee meetings, memoranda, inter-office communications, manuals, employee handbooks, forms, catalogues, brochures, graphs, charts, studies, analyses, reports, summaries and results of investigations and tests, statements, jottings, announcements, depositions, affidavits, photographs, tape recordings, video recordings, motion pictures, reviews, statistical records, ledgers, books of account, vouchers, bank checks, bank statements, check registers, audit reports and other statements, purchase orders, invoices, receipts, confirmations, negotiable instruments, computer-developed, store or

produced data, stenography or other notebooks, desk and/or other calendars, appointment books, newspaper and/or other articles, blueprints, accounting work sheets, diaries or papers similar to any of the foregoing, however entitled, denominated or described.

E. The term "identify" means, with respect to a person, (1) his or her name; (2) his or her sex; (3) his or her last known home address and telephone number; (4) his or her job title; (5) his or her business address and telephone number; (6) the name and address of his or her employer; and (7) his or her relationship, if any, to Plaintiff.

F. The term "identify" means, with respect to a corporation, association or other entity, (1) the legal name under which such entity is incorporated or registered; (2) the state in which such entity is incorporated or registered; (3) the full business address and telephone number of such entity; and (4) the officers of such entity.

G. The term "identify" means, with respect to documents, (1) the author thereof and the person or persons to whom the document was originally addressed; (2) the source from whom Plaintiff obtained such document or documents; (3) the date of such document or documents; (4) the current custodian of each such document or documents; (5) the location at which the document is situated; and (6) the subject matter of each such document or documents.

## INTERROGATORIES

**INTERROGATORY NO. 1.**

State the names, addresses and title of each and every person whom Plaintiff believes has knowledge of any facts relating to this matter and provide a brief description of said knowledge.

**INTERROGATORY NO. 2.**

Identify each and every person whom Plaintiff intends to call as a witness at the trial of this matter.

**INTERROGATORY NO. 3.**

Identify each and every person Plaintiff or his representatives contacted, interviewed or communicated with regarding his allegations in this matter, or during any investigation in connection with this matter. Identify any and all witnesses thereto and any documents relating to or reflecting the information requested in this Interrogatory.

**INTERROGATORY NO. 4.**

Identify every person who has been retained to give expert or opinion testimony at trial, and with respect to each provide:

(a) the date on which the witness was retained;

(b) the date on which the witness formulated his or her opinion(s);

(c) the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten (10) years;

(d) the compensation paid or to be paid to the witness;

(e) all data, documents or other information considered by the witness in forming the opinions;

(f) all assumptions made by the witness;

(g) any exhibits to be used as a summary of or as support for the opinions;

(h) a complete statement of each opinion to be expressed and the basis and reasons underlying each opinion; and

(i) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four (4) years.

**INTERROGATORY NO. 5.**

State the name, address and area of specialization of each and every physician, psychologist, psychiatric social worker or other health professional visited by Plaintiff with respect to his mental or physical condition at any time from January 1, 2003 to the present and state the exact date of each and every visit.

**INTERROGATORY NO. 6.**

State whether Plaintiff has contacted, or been contacted by any employer or potential employer with respect to possible employment since the termination of his employment with Defendant. If the answer is in the affirmative, state the following:

a. the identity of each such employer;

b. the date of each such contact;

c. the exact nature of each such possible employment;

d. the rate or range of pay of each such possible employment;

e. whether Plaintiff was offered employment, and if so, the nature and/or title of the job offered;

f. whether Plaintiff rejected such offer, and if so, the date of such rejection; and

g. identify each document upon which Plaintiff relied in answering, or which in any way relates to or reflects upon the information requested in Interrogatory 6(a) through 6(f) inclusive.

**INTERROGATORY NO. 7.**

List every individual or company by which you have been employed from January 1, 2003 to the present and list your present or most recent employer first, and list all others in reverse chronological order. As to each employer, provide:

a. the name of each employer;

b. the dates of employment with each employer;

c. job title(s) held;

d. weekly, monthly, or annual earnings for each position held;

e. a detailed description of any promotions, wages, and/or bonuses earned;

f. a detailed description of any adverse employment action taken against you;

g. whether you were responsible for the supervision of employees in each position held;

h. the number of employees supervised, if any, in each position held; and the reason for leaving each employer.

**INTERROGATORY NO. 8.**

Beginning with January 1, 2003 and continuing to the date of your response, explain what you were doing during every period of time in which you were not fully employed (*i.e.*, every time period other than those specified in response to Interrogatory No. 7) by providing the following information:

a. Explain with specificity what you were doing during each period in which you were not employed (for example, attending school, staying home with children,

seeking employment, etc.), and state the inclusive dates during which you were so engaged;

b. Identify with specificity every source of income of any description received by you or accruing since January 1, 2003 except for monies earned during employment as set forth in your answer to Interrogatory No. 7, and state the total amount you received or to which you became entitled and the inclusive dates you received the stated monies.

**INTERROGATORY NO. 9.**

From March of 2006 to the present, explain with specificity every attempt you made to find employment. Include in your answer the following information:

a. the name and address of every employer to which you made application, formally or informally, for employment, the date on which you applied to each employer, what you did initially to request employment from each employer (e.g., wrote letter requesting interview, filled out job application in person, etc.), every subsequent step in the application process which you took with regard to each employer;

b. if you responded to any printed job advertisement, identify the employer and identify the publication in which the advertisement appeared, and the date of the publication;

c. if you contacted any employment agencies, identify each agency including the address of the agency and the date you contacted the agency;

d. identify every document or writing of any description, which refers or relates to every attempt you made to find employment, and state the person in possession or custody of each writing.

**INTERROGATORY NO. 10.**

State whether Plaintiff has applied for and/or received unemployment compensation since the cessation of employment with Defendant. If the answer is in the affirmative, with respect to each agency Plaintiff applied and/or received unemployment compensation from, state the following:

a. the identity of each agency and dates of Plaintiff's application for unemployment compensation;

b. the decision and reasons proffered by each agency regarding its decision with respect to Plaintiff's eligibility for unemployment compensation;

c. the date and amount of each payment or unemployment compensation, if any, and the period or periods during which it was paid; and

d. identify all documents which relate to or reflect upon the information requested in Interrogatory 10(a) through 10(c), inclusive.

**INTERROGATORY NO. 11.**

Does the Plaintiff claim that he suffered monetary damages as a result of any actions of the Defendant? If yes, provide the following information:

a. the factual basis of each alleged act which was the cause of said monetary damages, state the total amount of monetary damages suffered by you, explain specifically every way in which you have suffered monetary damages, state the

amount of money which you claim for each aspect of damage to you, and explain specifically the basis on which you computed each amount;

b. identify all persons who have knowledge of the said monetary damages and the amount thereof, and state the facts known to each person;

c. identify each document which refers or relates to the cause or amount of said monetary damages; and

d. provide a detailed calculation or explanation of each item of damages claimed or sought by Plaintiff in this action.

**INTERROGATORY NO. 12.**

Identify and describe in detail Plaintiff's alleged speech problem referred to in paragraph 13 of the First Amended Complaint.

**INTERROGATORY NO. 13.**

Identify whether Plaintiff has been diagnosed with a disability. If he has been diagnosed with a disability state the following:

a. what was the diagnosis?

b. identify each medical provider(s) who made said diagnosis; and

c. identify the date(s) of said diagnosis.

**INTERROGATORY NO. 14.**

Identify and describe in detail if and when Plaintiff first notified Raytheon of his alleged speech problem.

**INTERROGATORY NO. 15.**

Identify and describe each and every of Plaintiff's requests for reasonable accommodation, as referred to in paragraph 45 of the First Amended Complaint. For each, provide the following:

a. What the request was;

b. Date the request was made;

c. To which person or persons the request was made;

d. The form in which the request was made.

**INTERROGATORY NO. 16.**

Identify and describe Defendant's response to each and every of Plaintiff's requests for reasonable accommodation. For each, provide the following:

a. What the response was;

b. Date of the response;

c. Who responded to the request;

d. The form in which the request was made.

**INTERROGATORY NO. 17.**

Identify and describe all of "the Defendant's complaints regarding Communications" as referred to in paragraph 15 of the First Amended Complaint.

**INTERROGATORY NO. 18.**

Identify and describe the "numerous allegations" allegedly stated by Defendant, as referred to in paragraph 26 of the First Amended Complaint, including for each one:

a. Who stated the allegation;

b. Who the witnesses were;

c. What the allegation was;

d. Where the allegation took place;

e. When the allegation took place.

**INTERROGATORY NO. 19.**

Identify and describe the basis for Plaintiff's statement "that the meetings themselves were to intentionally place him in a position of difficulty in light of his difficulty talking" as alleged in paragraph 30 of the First Amended Complaint.

**INTERROGATORY NO. 20.**

Identify each and every communication that Plaintiff had with Defendant relating to Plaintiff's alleged speech problem.

**INTERROGATORY NO. 21.**

Identify and describe each and every communication that Plaintiff had with Defendant relating to a disability and/or perceived disability of Plaintiff.

**INTERROGATORY NO. 22.**

Identify and describe each and every time that the Defendant, or one of its employees or agents, had threatened violence against the Plaintiff and/or acted in such a way that Plaintiff feared for his own safety.

**INTERROGATORY NO. 23.**

Identify and describe the basis for the allegation that Plaintiff consented under duress to meeting with a psychiatrist as stated in paragraph 35 of the First Amended Complaint.

**INTERROGATORY NO. 24.**

Identify and describe each and every occasion that the "Plaintiff identified to the Defendant why he was sending email, that being because he stuttered" as stated in paragraph 39 of the First Amended Complaint.

**INTERROGATORY NO. 25.**

Identify and describe each and every occasion that Plaintiff requested that he not communicate verbally because of his alleged speech problem.

RAYTHEON

By its Attorneys,

Joseph D. Whelan (#5694)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
jwhelan@haslaw.com

Dated: ~~June~~ July 27, 2007