DET-BR-3ES (Rev. 05/99) EO-02

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# Board of Review

For
The Department of Labor and Training
275 Westminster Street, Providence, RI 02903-3434
Telephone (401) 222-3533 Fax (401) 222-3514
WEBSITE: WWW.DLT.STATE.RI.US/BOR

Thomas J. Daniels
Chairman
Nathaniel J. Rendine
Edward A. Lombardo, Sr.

STEPHEN SAMMARTANO
75 ARTHUR STREET, #4
PAWTUCKET, RI 02860

| | |
|---|---|
| MAILING DATE: | May 2, 2006 |
| SSN: | 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 |
| APPEAL NUMBER: | 20061403 UC |
| DATE OF APPEAL: | April 13, 2006 |
| HEARING DATE: | May 1, 2006 |
| CAU NUMBER: | 06-20662-1 |

## DECISION OF REFEREE

1. TRAVEL OF THE CASE:

The claimant had been employed for Raytheon a period of two years. His last actual day of work was February 6, 2006. The Director determined that the claimant voluntarily left the job without good cause, under the provisions of Section 28-44-17 of the Rhode Island Employment Security Act. The claimant filed a timely appeal. A hearing on the appeal was scheduled. A Notice of Hearing was sent to all interested parties. The hearing was held on May 1, 2006. The claimant appeared and testified represented by attorney. The claimant's father appeared as an observer. The employer, with notice, did not appear in support of their allegation.

2. FINDINGS OF FACT:

The claimant had worked for this employer a period of two years. His last day of work was February 6, 2006. On that date, the claimant was notified that he was being placed on administrative leave with pay. Subsequently on February 20, 2006, the claimant was notified that the employer scheduled a medical appointment with a psychiatrist. The claimant questioned the circumstance of being placed on the involuntary leave and did not keep the appointment with the psychiatrist. The claimant was thereafter terminated by the employer. He did not quit the job.

3. CONCLUSION:

While the Director determined that the claimant left work voluntarily without good cause within the meaning of Section 28-44-17 of the Rhode Island Employment Security Act, I find that he did not leave voluntarily. He was discharged.

To be determined, therefore, is whether or not he was discharged under disqualifying circumstances under the provisions of Section 28-44-18 of the Rhode Island Employment Security Act.

In order to impose a disqualification under the provisions of Section 28-44-18, there must be proof that the person who was discharged committed an act of misconduct in connection with the work.

Section 28-44-18 provides, in part, as follows:

For the purposes of this section, misconduct shall be defined as deliberate conduct in willful disregard of the employer's interest, or a knowing violation of a reasonable and uniformly enforced rule or policy of the employer, provided that such violation is not shown to be as a result of the employee's incompetence. Notwithstanding any other provisions of chapters 42 -- 44 of this title, this section shall be construed in a manner which is fair and reasonable to both the employer and the employed worker.

The evidence presented establishes the claimant did not quit the job but was in fact discharged. The burden of establishing that the claimant was discharged for reasons of misconduct rests solely upon the employer. There has been no evidence presented to indicate that the claimant's termination was for reasons of misconduct. In the absence of that evidence, I hold that the claimant's termination is under other than disqualifying conditions and benefits may not be denied on this issue.

4. DECISION:

The decision of the Director is reversed. The claimant did not leave work voluntarily. Therefore, he cannot be denied Employment Security benefits under the provisions of Section 28-44-17 of the Rhode Island Employment Security Act. He was discharged, but not for reasons of misconduct in connection with his work. He is, therefore, not subject to disqualification under the provisions of Section 28-44-18 of the Statute. He will be entitled to receive Employment Security benefits if he meets all other eligibility requirements.

***APPEAL RIGHTS***

***This decision will become final unless, within fifteen (15) calendar days of the mailing date hereof, you file an appeal in writing to the Board of Review for the Department of Labor & Training. The appeal can be delivered, mailed, faxed or e-mailed to the Board at 275 Westminster Street, Providence, RI, 02903-3434. Fax number: (401) 222-3514. E-mail: BORINFO@DLT.STATE.RI.US WEBSITE: WWW.DLT.STATE.RI.US/BOR.***

- **Equal Opportunity Employer/Program**
- **Auxiliary aids and services are available upon request to individuals with disabilities.**
- **TDD: (401) 462-8006**

**DERECHOS DE APELAR**

**Esta decisión sera finalisada a menos que, dentro de quince (15) días del calendario de la fecha que se le envió la decisión, usted apele en escrito al Board of Review para el Departamento de Labor y Entrenamiento. Pueda entregar la apelación por correo, telefax o e-enviar a el Board a la direction 275 Westminster Street, Providence, RI, 02903-3434. Numero de Fax: 401-222-3514. E-enviar: BORINFO@dlt.state.ri.us. WEBSITE: www.dlt.state.ri/us/bor**

BOARD OF REVIEW

BY [signature]
STANLEY TKACZYK, REFEREE

cc: DIRECTOR
MATTHEW BRIER, ESQ.

HUMAN RESOURCES
RAYTHEON COMPANY
1847 WEST MAIN ROAD
PORTSMOUTH, RI 02871