**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **STEPHEN T. SAMMARTANO** | : | |
| **Plaintiff** | : | |
| | : | |
| **Vs.** | : | **C.A. No. 06-535S** |
| | : | |
| **RAYTHEON** | : | |
| **Defendant** | : | |

**MOTION TO COMPEL REISSUED WITH MOTION TO EXCEED PAGE LIMIT FOR REISSUANCE OF MOTION TO COMPEL**

Pursuant to Fed. R. Civ. P. 37, Plaintiff hereby requests that this Court order Defendant to provide further relevant discoverable information of this case.

Specifically Plaintiff hereby reissues request for a Motion To Compel for further information in response to the following document sections for the reasons stated below:

Plaintiff motions for an extension of the page limit for this reissuance of Plaintiff's Motion To Compel.

**1. Plaintiff's First Set Of Requests For Documents** (Defendant's responses with requests are below.)

Section Reason

**Request No. 4:** Any and all documents that relate to any physical or psychological illness infirmity, injury or impairment of Defendant's agents or representatives who acted in connection with the allegations claimed by the Plaintiff from January 1, 2003 to the present including—but not limited to—physician, hospital or pharmaceutical records and bills.

**Response to Request No. 4:** See General Objections. In addition to the General Objections, Raytheon objects to Request No. 4 on the grounds that it is overly broad, vague,

ambiguous, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and it imposes an obligation on Raytheon beyond the scope of the FRCP and the Local Rules of this Court, Raytheon also objects to this request on the grounds that it seeks information and documents which are protected by the doctor/patient privilege, the patient/psychotherapist privilege, the facility/patient privilege and the patient/social worker privilege. Raytheon further objects to Request No. 4 to the extent that it seeks the confidential, sensitive and personal information of non-parties to this action, the disclosure of which will invade the privacy rights of current and/or former employees of Raytheon.

**LEGAL ARGUMENT** – Establishing any anomalies in the Defendant's state of mind or in the state of mind of its agents may reveal relevant information with regard to perceptions Defendant or Defendant's agents had of the Plaintiff or actions taken in connection with the Plaintiff by Defendant or Defendant's agents. Defendant's agents have been observed as failing to participate in business activities and admitting to being incredibly alarmed (Defendant's Motion For Summary Judgement Affidavit Rob Froncillo paragraph 14. "I was incredibly alarmed by…", Defendant's Motion For Summary Judgement Affidavit Heather Lemmon paragraph 21 "I was incredibly alarmed by…" ) by notices of their lack of participation in business activities as noted in the Plaintiff's Motion In Opposition To Summary Judgement. During such instances of notification all that Defendant's agents were required (required as to participate their execution of the performance improvement plan) to do was engage in dialogue and yet were apparently as "deer in headlights." While all forms of communication, such as that transmitted by Plaintiff as referred to in Plaintiff's Third Set Of Interrogatories, Interrogatory 21, can be interpreted in a myriad of ways, the email stated in Plaintiff's Third Set Of Interrogatories, Interrogatory 21 does not state any goal or objective similar to assault or battery nor does it use the word "threat". Plaintiff believes that if such statements of Rob Froncillo and Heather Lemmon

are to be taken literally, then this Request is warranted. Indeed, Plaintiff's observations of Defendant's lack of participation rightfully alarmed Plaintiff as the email referenced Interrogatory 21 clearly states. Plaintiff does admit that the statements in these affidavits as referenced here being of two different people and yet word for word identical really conveys the idea of rehearsed testimony provided by an attorney to cover adverse action and of course in that case this request would be unnecessary.

**Request No. 5:** Any and all documents that relate to visits Defendant's agents or representatives who acted in connection with the allegations claimed hy the Plaintiff made to — or any counseling, treatment, advice, examination or testing received by Defendant's agents or representatives who acted in connection with the allegations claimed by the Plaintiff— from any physician, psychiatrist, social worker or other health care professional from January 1, 2003 to the present,

**Response to Request No. 5:** See General Objections, In addition to the General Objections, Raytheon objects to Request No, 4 on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and it imposes an obligation on Raytheon beyond the scope of the FRCP and the Local Rules of this Court. Raytheon also objects to this request on the grounds that it seeks information and documents which are protected by the doctor/patient privilege, the patient/psychotherapist privilege, the facility/patient privilege and the patient/social worker privilege. Raytheon further objects to Request No. 4 tg the extent that it seeks the confidential, sensitive and personal information of non-parties to this action, the disclosure of which will invade the privacy rights of current and/or former employees of Raytheon.

**LEGAL ARGUMENT** – Establishing any anomalies in the Defendant's state of mind or in the state of mind of its agents may reveal relevant information with regard to perceptions Defendant or Defendant's agents had of Plaintiff or actions

taken in connection with Plaintiff by Defendant or Defendant's agents. Defendant's agents have been observed as failing to participate in business activities and admitting to being incredibly alarmed (Defendant's Motion For Summary Judgement Affidavit Rob Froncillo paragraph 14. "I was incredibly alarmed by...", Defendant's Motion For Summary Judgement Affidavit Heather Lemmon paragraph 21 "I was incredibly alarmed by..." ) by notices of their lack of participation in business activities as noted in the Plaintiff's Motion In Opposition To Summary Judgement. During such instances of notification all that Defendant's agents were required (required as to participate their execution of the performance improvement plan) to do was engage in dialogue and yet were apparently as "deer in headlights." While all forms of communication, such as that transmitted by Plaintiff as referred to in Plaintiff's Third Set Of Interrogatories, Interrogatory 21, can be interpreted in a myriad of ways, the email stated in Plaintiff's Third Set Of Interrogatories, Interrogatory 21 does not state any goal or objective similar to assault or battery nor does it use the word "threat". Plaintiff believes that if such statements of Rob Froncillo and Heather Lemmon are to be taken literally, then this Request is warranted. Indeed, Plaintiff's observations of Defendant's lack of participation rightfully alarmed Plaintiff as the email referenced Interrogatory 21 clearly states. Plaintiff does admit that the statements in these affidavits as referenced here being of two different people and yet word for word identical really conveys the idea of rehearsed testimony provided by an attorney to cover adverse action and of course in that case this request would be unnecessary.

**Request No. 7:** All written statements and other documentation provided to Defendant or his agents by any person who Plaintiff alleges has knowledge of the allegations contained in the Complaint.

**Response to Request No. 7:** See General Objections. In addition to the General Objections, Raytheon objects to Request No, 7 on the grounds that it is overly

broad, vague, ambiguous, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and it imposes an obligation on Raytheon beyond the scope of the FRCP and the Local Rules of this Court,

**LEGAL ARGUMENT** – Request 7 should read, "All written statements and other documentation provided to Defendant or his agents by any person who Defendant alleges has knowledge of the allegations contained in the Complaint." The reason is that the information described could be relevant discovery information.

**Request No. 12:** Any and all documents relating to additional monies paid to Six Sigma awarded recipients from January 1, 2003 to the present.

**Response to Request No. 12:** See General Objections, In addition to the General Objections, Raytheon objects to Request No. 12 on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and it imposes an obligation on Raytheon beyond the scope of the FRCP and the Local Rules of this Court.

**LEGAL ARGUMENT** – Six Sigma is a Raytheon process related program (See exhibit 5 and 6 in support of Motion To Compel.).)which Plaintiff adhered to. Defendant alleges in it's Performance Improvement Plan delinquencies with respect to Plaintiff following Raytheon's Process. Information relative to additional compensation received for completion of six sigma work could substantiate additional further discrimination of Plaintiff by Defendant in light of Plaintiff receiving no additional compensation for his six sigma work completed.

**Request No. 13:** Any and all -written statements, tape recorded statements and other documentation that Defendant has in his possession stating or concerning any and all admissions or statements against him made by Plaintiff or any employee, officer, agent or representative of the Plaintiff,

**Response to Request No. 13:** See General Objections, In addition to the General

Objections, Raytheon objects to Request No- 13 on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and it imposes an obligation on Raytheon beyond the scope of the FRCP and the Local Rules of this Court.

**LEGAL ARGUMENT** – should read, "Any and all written statements, tape recorded statements and other documentation that Defendant has in his possession stating or concerning any and all admissions or statements against him made by Defendant or any employee, officer, agent or representative of the Defendant in connection with Plaintiff or actions or incidents in connection with Plaintiff" for the reason that such information could be relevant discover information.

**Request No. 14:** Any and all documents or correspondence of any kind that relate in any to the Plaintiffs performance including but not limited to weekly activity reports submitted by Plaintiff, courses completed by Plaintiff, credit for career development activities relative to activities of Plaintiff while employment by Defendant.

**Response to Request No. 14:** See General Objections. In addition to the General Objections, Raytheon objects to Request No. 14 on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and it imposes an obligation on Raytheon beyond *the* scope of the FRCP and the Local Rules of this Court. To the extent not objected to and to the extent it has not already produced such documents with its Initial Disclosure Statement, and to the extent it has any, Raytheon shall produce responsive documents within its possession, custody or control.

**LEGAL ARGUMENT** - Request 14 should read, "Any and all documents or correspondence of any kind that relate in any way to the Plaintiff's performance including but not limited to weekly activity reports submitted by Plaintiff, courses completed by Plaintiff, credit for career development activities relative to activities of Plaintiff while employed by Defendant." Such is relevant discoverable information as

it serves to show that Plaintiff was prioritizing and completing tasks, communicating, following Raytheon common processes, a team player, had knowledge of the bigger Raytheon picture, and or was willing to learn and participate.

**Request No. 15:** Any and all documents or correspondence of any kind that relate in any way to the Plaintiffs completed work.

**Response to Request No. 15:** See General Objections, In addition to the General Objections, Raytheon objects to Request No. 15 on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and it imposes an obligation on Raytheon beyond the scope of the FRCP and the Local Rules of this Court.

**LEGAL ARGUMENT** - Such is relevant discoverable information as it serves to show that Plaintiff was prioritizing and completing tasks, communicating, following Raytheon common processes, a team player, had knowledge of the bigger Raytheon picture, and or was willing to learn and participate.

## 2. Plaintiff's First Set Of Interrogatories (Defendant's responses are below).

**Interrogatory 13**: With specificity identify and describe the means by which the Plaintiff was notified of delinquencies in performance and provide any information relative with regard to the Plaintiff being notified of such delinquency. For each delinquency and notification specify:

a. What the delinquency was;

b. What the notification was;

c. Who made the notification;

d. What opportunity if any the Plaintiff was given to correct the delinquency including but not limited to strong recommendations for associated training;

e. How the Plaintiff utilized the opportunity to correct the delinquency and what the result of the Plaintiffs effort was;

f. The date the notification was made;

g. Whether the performance indicator upon which the delinquency was based was explained to the Plaintiff so that the Plaintiff could recognize this particular delinquency in this particular situation, this type of delinquency in general, this type of delinquency in the future, how to prevent/avoid this type of delinquency^ how to correct this type of delinquency, how to expect to be judged with respect to this type of delinquency equally to his peers;

h. Whether the performance indicator was uniformly applied to all employees;

i. Whether the performance indicator was uniformly applied to employees of similar position as Plaintiff;

j. Whether the Plaintiff had previous knowledge of this performance indicator to the extent of being able to recognize the associated delinquency for purposes of correction, prevention, expectations of judgment;

j. The impact pf the Plaintiffs deliverable directly as a result of this delinquency;

k. The comparative effect with respect to work of his peers because of this delinquency including but riot limited to cost/use of company resources as a result of Plaintiff s delinquency,

**Response to Interrogatory No. 13;** In addition to the General Objections, Defendant objects to this interrogatory on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant states as follows: Plaintiff was notified of his delinquencies as follows: (i) on or around December of 2004, Sandra Vanier met with Plaintiff to discuss complaints from his co-workers regarding behavioral issues; (ii) oil March 20,2005, Sandra Vanier gave Plaintiff his 2004 performance and development summary

outlining certain delinquencies of Plaintiff, (iii) on August 24,2005, Sandra Vanicr gave Plaintiff his mid year performance 2005 review outlining certain delinquencies of Plaintiff, (iv) on October 25,2005, Heather Lemmon met with Plaintiff to discuss troubling interpersonal behavioral issues that had been addressed with her by Plaintiffs coworkers and managers; (v) on January 13, 2006, Plaintiff was placed on a performance improvement plan; and (vi) on February 20, 2006, Heather Lemmon informed Plaintiff that he was required to be evaluated by a psychiatrist in order to prove that he was tit to work. Plaintiff was given ample opportunity to correct his delinquencies and to be evaluated by a psychiatrist7 but did not do so.

**LEGAL ARGUMENT** – Defendant is responding with summaries such as yearly summaries and reviews which are prone to list allegation like summary data as opposed to incident data. Incident data is requested.

## General Legal Argument

The following General Legal Argument applies towards sections 3 and 4 below those being **3. Plaintiff's Third Set Of Interrogatories** and **4. Plaintiff's Third Set Of Requests For Documents.**

**GENERAL LEGAL ARGUMENT** – These Interrogatories and Requests are not repetitive of Plaintiff's First Set of Interrogatories, Interrogatory 13 or any other aspect of discovery on the grounds that Defendant does not read Plaintiff s First Set of Interrogatories, Interrogatory 13 or any other aspect of discovery in a way which results in Defendant producing the information being requested. These Interrogatories are furthermore not repetitive of Plaintiff's First Set of Interrogatories, Interrogatory 13 on the basis that Defendant objected to Plaintiff's First Set of Interrogatories, Interrogatory 13 on the basis of among other things that Defendant alleges Plaintiff's First Set of Interrogatories, Interrogatory 13 is "overly broad, vague, ambiguous, unduly burdensome, and seeks

information that is neither relevant nor that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." Therefore Defendant has already alleged that Plaintiff's First Set of Interrogatories, Interrogatory 13 is insufficient. The goal of the these Interrogatorries and Requests are to suffice in ways which
Defendant alleges Interrogatory 13 did not. In cases that Defendant has already provided information, Plaintiff is asserting that more should be available and or that what has been provided is inadequate. The information being requested of Defendant through interrogatories and requests for documents of Plaintiff's Third Set Of Interrogatories and Plaintiff's Third Set Of Requests For Documents is relevant discoverable information as it serves as data supporting allegations made by Defendant about Plaintiff.

**3. Plaintiff's Third Set Of Interrogatories** - (Submitted as exhibit 3 in support of original Motion To Compel.). Such is relevant discoverable information as it serves as data supporting allegations made by Defendant about Plaintiff. These interrogatories are a rephrasing of Interrogatory 13 of Plaintiff's First Set Of Interrogatories. Defendant's responses follow.

Defendant objects to Plaintiffs Third Set of Interrogatories to the extent they seek to impose a duty on defendant beyond that required by the Federal Rules of Civil Procedure ("FRCP") and the Local Rules of this Court. Defendant further objects to Plaintiffs Third Set of Interrogatories to the extent they seek information that'. (1) represents attorney-work product; (2) is protected by the attorney-client privilege or any other applicable privilege; (3) has been prepared in anticipation of litigation at the request of counsel; (4) concerns irrelevant and confidential financial, proprietary, or medical information; (5) requests information concerning matters of public record; and (6) seeks information that requires the

defendant to draw a legal conclusion.

Finally, the answers set forth herein are made without waiving the following:

1. The right to object on the grounds of competency, privilege, relevance, materiality or any Other proper ground, to the use of any material produced herein, in whole or in. part, for any purpose, in any subsequent proceeding in this action or in any other action;

2. The right to object on any and all proper grounds, at any time, to other interrogatories or other discovery procedures involving or relating to the subject matter of the requests responded to herein; and

3. The right, at any time, to revise, correct, modify supplement or clarify any of the answers provided herein.

All of defendant's answers are made subject to the foregoing objections, comments and qualifications.

**Interrogatory No. 1**: Identify and describe a complete list of all tasks incorrectly prioritized and or not completed, as referred to in the performance improvement plan as "Ability to Prioritize Tasks & Complete Tasks".

**Response to Interrogatory No, 1:** See General Objections, Subject to and without waiving these objections, Defendant objects to Interrogatory No, 1 on the grounds that it is repetitive of Plaintiff s First Set of Interrogatories, No. 13 which asked for details of Raytheon's notification to Plaintiff of his deficiencies, Raytheon has already produced copies of Plaintiff s performance evaluations and any electronic mail messages or other documentation discussing Plaintiff s performance deficiencies.

**LEGAL ARGUMENT** – Defendant has claimed that such tasks exist yet has never provided them. **See GENERAL LEGAL ARGUMENT above.**

**Interrogatory No. 2:** For each item of the list of Interrogatory 1, describe any and all associated incident(s) in which tasks were incorrectly prioritized and or not completed by Plaintiff to the extent of explaining how the Plaintiff incorrectly prioritized or failed to complete said task(s) and or specify where a description of each incident may be found in the documentation already delivered to Plaintiff by Defendant. Specify dates and parties involved for any incidents for which associated dates and parties involved are not provided elsewhere. If associated dates and parties involved are provided elsewhere, please indicate where.

**Response to Interrogatory No. 2:** See General Objections. Subject to and without waiving these objections, Defendant objects to this interrogatory because it is vague and ambiguous in that it is unclear what is meant by "associated incident(s)'[1] and "associated dates,"

**LEGAL ARGUMENT** – Remove the word associated where unclear. The degree to which Interrogatory No. 2 is not vague and the degree to which it is not ambiguous can only parallel the degree to which the performance improvement plan is not vague and is not ambiguous. On that basis the degree of vagueness and the degree of ambiguity is warranted. **See GENERAL LEGAL ARGUMENT above.**

**Interrogatory No. 3:** For each incident of the list identified in interrogatory 2, list any and all notifications of failure to properly prioritize and or complete tasks Plaintiff was given with dates of such notice. Include who made the notification and describe any and all opportunities Plaintiff had to explain.

**Response to Interrogatory No. 3:** Because no incident was identified in Interrogatory No. 2, no response is required to Interrogatory No. 3.

**LEGAL ARGUMENT** – With the clarifications, Interrogatory 3 can be answered. **See GENERAL LEGAL ARGUMENT above.**

**Interrogatory No. 4:** Identify and describe a complete list of all failures relative to communications, ability to follow Raytheon common processes, teamwork, or Ownership/Accountability of issues as referred to in the performance improvement plan sections of those names.

**Response to Interrogatory No, 4:** Defendant objects to each and every subsequent interrogatory in Plaintiffs Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**LEGAL ARGUMENT** – Plaintiff has filed a motion to request permission to exceed the limit of twenty five interrogatories. Defendant has claimed that such information exists yet has never provide the information. **See GENERAL LEGAL ARGUMENT above.**

**Interrogatory No. 5:** For each failure relative to communications, ability to follow Raytheon common processes, teamwork, or Ownership/Accountability of issues identified in interrogatory 4, describe any and all associated incident(s) exhibiting such failure to the extent of explaining how the Plaintiffs actions exhibit said failure and or specify where a description of each incident may be found in the documentation already delivered to Plaintiff by Defendant. Specify dates and parties involved for any incidents for which associated dates and parties involved are not provided elsewhere. If associated dates and parties involved are provided elsewhere, please indicate where.

**Response to Interrogatory No. 5:** Defendant objects to each and every subsequent interrogatory in Plaintiffs Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court

permission, or our agreement, pursuant to Federal Rule of Civil Procedure 33 (a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**LEGAL ARGUMENT** – Plaintiff has filed a motion to request permission to exceed the limit of twenty five interrogatories. Remove the word associated where unclear. The degree to which Interrogatory No. 5 is not vague and the degree to which it is not ambiguous can only parallel the degree to which the performance improvement plan is not vague and is not ambiguous. On that basis the degree of vagueness and the degree of ambiguity is warranted. **See GENERAL LEGAL ARGUMENT above.**

**Interrogatory No. 6**: For each incident of the list identified in interrogatory 5, list any and all notifications of unacceptableness with regard to communications, ability to follow Raytheon common processes, teamwork, or Ownership/Accountability of issues Plaintiff was given with date of notification. Include who made the notification and describe any and all opportunities Plaintiff had to explain,

**Response to Interrogatory No, 6:** Defendant objects to each and every subsequent interrogatory in Plaintiffs Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a)( The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**LEGAL ARGUMENT** – Plaintiff has filed a motion to request permission to exceed the limit of twenty five interrogatories. With the clarifications, Interrogatory 6 can be answered. **See GENERAL LEGAL ARGUMENT above.**

**Interrogatory No. 7**: Identify and describe a complete list of all negative behavioral issues alleged to be exhibited by Plaintiff and any and all alleged flaws not already

mentioned which Defendant alleges to be exhibited by Plaintiff which Defendant had an issue with,

**Response to Interrogatory No. 7:** Defendant objects to each and every subsequent interrogatory in Plaintiffs Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 3 3 (a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**LEGAL ARGUMENT** – Plaintiff has filed a motion to request permission to exceed the limit of twenty five interrogatories. Defendant has claimed that such information exists yet has never provide the information. **See GENERAL LEGAL ARGUMENT above.**

**Interrogatory No. 8:** For each item of the list identified in Interrogatory 7, describe any and all associated incident(s) exhibiting said item to the extent of explaining how the Plaintiffs actions exhibited said item and or specify where a description of each incident may be found in the documentation already delivered to Plaintiff by Defendant. Specify dates and parties involved for any incidents for which associated dates and parties involved is not provided elsewhere. If associated dates and parties involved is provided elsewhere, please indicate where.

**Response to Interrogatory No. 8:** Defendant objects to each and every subsequent interrogatory in Plaintiffs Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**LEGAL ARGUMENT** – Plaintiff has filed a motion to request permission to exceed the

limit of twenty five interrogatories. Remove the word associated where unclear. The degree to which Interrogatory No. 8 is not vague and the degree to which it is not ambiguous can only parallel the degree to which the performance improvement plan is not vague and is not ambiguous. On that basis the degree of vagueness and the degree of ambiguity is warranted. **See GENERAL LEGAL ARGUMENT above.**

**Interrogatory No. 9:** For each incident of the list identified in interrogatory 8, list any and all notifications of unacceptableness with regard to said item Plaintiff was given with date of notification. Include who made the notification and describe any and all opportunities Plaintiff had to explain.

**Response to Interrogatory No. 9:** Defendant objects to each and every subsequent interrogatory in Plaintiffs Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission, or our agreement, pursuant to Federal Rule of Civil Procedure 33(a), The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**LEGAL ARGUMENT** – Plaintiff has filed a motion to request permission to exceed the limit of twenty five interrogatories. With the clarifications, Interrogatory 9 can be answered. **See GENERAL LEGAL ARGUMENT above.**

**Interrogatory No. 10:** With regard to incidents involved Christine Lowrie, provide any and all information with regard to why Christine Lowrie was so frightened or in what way Plaintiffs behavior and or email including Exhibits A and B of Affidavit of Sandra Vanier of Defendant's Motion For Summary Judgment was frightening to Christine Lowrie and any steps taken by management such as requests that Christine Lewrie visit a psychiatrist to assist her in said trying times,

**Response to Interrogatory No. 10:** Defendant objects to each and every subsequent interrogatory in Plaintiffs Third Set of Interrogatories on the grounds that

Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 3 3 (a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**LEGAL ARGUMENT** – Plaintiff has filed a motion to request permission to exceed the limit of twenty five interrogatories. Defendant has claimed that such information exists yet has never provide the information. **See GENERAL LEGAL ARGUMENT above.**

**Interrogatory No. 11:** With regard to incidents involving Christine Lowrie, provide any and all information with regard to what was so frightening or in what way Plaintiffs behavior and or email including Exhibits A and B of Affidavit of Sandra Vanier of Defendant's Motion for Summary Judgment was frightening.

,

**Response to Interrogatory No. 11:** Defendant objects to each and every subsequent interrogatory in Plaintiffs Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules,

**LEGAL ARGUMENT** – Plaintiff has filed a motion to request permission to exceed the limit of twenty five interrogatories. **See GENERAL LEGAL ARGUMENT above.**

**Interrogatory No. 12** With regard to incidents involving Christine Lowrie as described in Defendant's Motion for Summary Judgment, such incident was in association with Plaintiffs response to "it's going" in answer of Lowrie's inquiry of progress/status. How did Plaintiffs response "if s going" fail to meet to Defendant's

expectations and to the extent that it did what was flawed with Plaintiffs genuine effort to provide requested elaboration as exhibited by Exhibit B of affidavit of Sandra Vanier of Defendant's Motion for Summary Judgment.

**Response to Interrogatory No. 12:** Defendant objects to each and every subsequent interrogatory in Plaintiffs Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**LEGAL ARGUMENT** – Plaintiff has filed a motion to request permission to exceed the limit of twenty five interrogatories. **See GENERAL LEGAL ARGUMENT above.**

**Interrogatory No. 13:** With regard to the incident involving Christina Erwin, why was it that Plaintiffs position that he was joking which was stated as part of the incident as illustrated in Exhibit C of Affidavit of Sandra Vanier of Defendant's Motion for Summary Judgment not accepted?

**Response to Interrogatory No. 13:** Defendant objects to each and every subsequent interrogatory in Plaintiffs Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a), The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**LEGAL ARGUMENT** – Plaintiff has filed a motion to request permission to exceed the limit of twenty five interrogatories. **See GENERAL LEGAL ARGUMENT above.**

**Interrogatory No. 14:** Aside from being shorter, how were Plaintiffs emails issued in connection with the incident involving Christina Envin any different than his peers?

**Response to Interrogatory No. 14:** Defendant objects to each and every

subsequent interrogatory in Plaintiffs Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 3 3 (a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**LEGAL ARGUMENT** – Plaintiff has filed a motion to request permission to exceed the limit of twenty five interrogatories. **See GENERAL LEGAL ARGUMENT above.**

**Interrogatory No. 15:** Aside from being either an attempt of Plaintiff to meet a listener's obviously unmet expectation with regard to his speed problem and/or an illustration of Plaintiff believing that he was being unintentionally harassed in connection with his speech problem, what is the point of Exhibit E of Affidavit of Sandra Vanier of Defendant's Motion for Summary Judgment?

**Response to Interrogatory No. 15:** Defendant objects to each and every subsequent interrogatory in Plaintiffs Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission ot our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**LEGAL ARGUMENT** – Plaintiff has filed a motion to request permission to exceed the limit of twenty five ) interrogatories. **See GENERAL LEGAL ARGUMENT above.**

**Interrogatory No. 16:** How is Exhibit G of Affidavit of Sandra Vanier of Defendant* s Motion for Summary Judgment length and antagonistic.

**Response to Interrogatory No. 16:** Defendant objects to each and every subsequent interrogatory in Plaintiffs Third. Set of Interrogatories gn the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 3 3 (a). The actual number of

separate requests, when one includes subparts. is in excess of twenty-five (25), the number allowed under the Rules.

**LEGAL ARGUMENT** – Note Interrogatory 16 should say lengthy Plaintiff has filed a motion to request permission to exceed the limit of twenty five interrogatories. **See GENERAL LEGAL ARGUMENT above.**

**Interrogatory No. 17:** With regard to lengthy, what were the dated notifications notifying Plaintiff what constitutes lengthy to Defendant to the extent of enabling Plaintiff to recognize/quantify Defendant's said metric?

**Response to Interrogatory No. 17:** Defendant objects to each and every subsequent interrogatory in Plaintiffs Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**LEGAL ARGUMENT** – Plaintiff has filed a motion to request permission to exceed the limit of twenty five ) interrogatories. **See GENERAL LEGAL ARGUMENT above.**

**Interrogatory No. l8:** With regard to rambling, what were the dated notifications notifying Plaintiff what constitutes rambling to Defendant to the extent of enabling Plaintiff recognize/quantify Defendant's said metric,

**Response to Interrogatory No. 18:** Defendant objects to each and every subsequent interrogatory in Plaintiffs Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**LEGAL ARGUMENT** – Plaintiff has filed a motion to request permission to exceed the

limit of twenty five ) interrogatories. **See GENERAL LEGAL ARGUMENT above.**

**Interrogatory No. 19:** What is rambling about the emails of Exhibit H of Affidavit of Sandra Vanier of Defendant's Motion for Summary Judgment.

**Response to Interrogatory No. 19;** Defendant objects to each and every subsequent interrogatory in Plaintiffs Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33 (a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**LEGAL ARGUMENT** – Plaintiff has filed a motion to request permission to exceed the limit of twenty five interrogatories. **See GENERAL LEGAL ARGUMENT above.**

**Interrogatory No. 20:** How is confusing about Exhibit I of Affidavit of Sandra Vanier of Defendant's Motion for Summary Judgment,

**Response to Interrogatory No. 20:** Defendant objects to each and every subsequent interrogatory in Plaintiffs Third Set of Interrogatories on the grounds that Plaintiff lias exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**LEGAL ARGUMENT** – Plaintiff has filed a motion to request permission to exceed the limit of twenty five interrogatories. **See GENERAL LEGAL ARGUMENT above.**

**Interrogatory No. 21:** How is Exhibit A of Affidavit of Robert Froncillo of Defendant's Motion for Summary Judgment threatening?

**Response to Interrogatory No. 21:** Defendant objects to each and every subsequent interrogatory in Plaintiffs Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our

agreement^ pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, -when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**LEGAL ARGUMENT** – Plaintiff has filed a motion to request permission to exceed the limit of twenty five interrogatories. **See GENERAL LEGAL ARGUMENT above.**

**Interrogatory** No. 22: How is Exhibit E of Affidavit of Heather Lemmon of Defendant's Motion for Summary judgment rambling?

**Response to Interrogatory** No. 22: Defendant objects to each and every subsequent interrogatory in Plaintiffs Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules,

**LEGAL ARGUMENT** – Plaintiff has filed a motion to request permission to exceed the limit of twenty five interrogatories. **See GENERAL LEGAL ARGUMENT above.**

**Interrogatory No. 23:** How is Exhibit D of Affidavit of Heather Lemmon of Defendant's Motion for Summary Judgment lengthy?

**Response to Interrogatory No. 23:** Defendant objects to each and every subsequent interrogatory in Plaintiffs Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33(a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**LEGAL ARGUMENT** – Plaintiff has filed a motion to request permission to exceed the limit of twenty five ) interrogatories. **See GENERAL LEGAL ARGUMENT above.**

**Interrogatory No. 24:** Upon Defendant's receipt of Exhibit F of Affidavit of Heather Lemmon of Defendant's Motion for Summary Judgment, what efforts were made to resolve discrepancies and thereby assist Plaintiff in understanding the PIP?

**Response to Interrogatory No. 24:** Defendant objects to each and every subsequent interrogatory in Plaintiffs Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement, pursuant to Federal Rule of Civil Procedure 33 (a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**Interrogatory No. 25:** Why were Plaintiffs inquiries regarding explanation of flaws of emails ignored?

**Response to Interrogatory No.25:** Defendant objects to each and every subsequent interrogatory In Plaintiffs Third Set of Interrogatories on the grounds that Plaintiff has exceeded the limit of twenty-five (25) interrogatories, without court permission or our agreement; pursuant to Federal Rule of Civil Procedure 3 3 (a). The actual number of separate requests, when one includes subparts, is in excess of twenty-five (25), the number allowed under the Rules.

**LEGAL ARGUMENT** – Plaintiff has filed a motion to request permission to exceed the limit of twenty five interrogatories. **See GENERAL LEGAL ARGUMENT above.**

**4. Plaintiff's Third Set Of Requests For Documents** - These requests include rephrasings of Interrogatory 13 of Plaintiff's First Set Of Interrogatories as supporting documents relative to incidents and in addition a rephrasing of information requested in Plaintiff's First Set Of Requests For Documents – Request 14 and Request 15.

Defendant has responded as follows

GENERAL OBJECTIONS

Defendant, objects to Plaintiff's Third Set of Requests for Production of Documents to the extent they seek to impose a duty on defendant beyond that required by the Federal Rules of Civil Procedure ("FRCF") and the Local Rules of this Court. Defendant further objects to Plaintiff s Third Set of Requests for Production of Documents to the extent they geek information that; (1) represents attorney-work product; (2) is protected by the attorney-client privilege or any other applicable privilege; (3) has been prepared in anticipation of litigation at the request of counsel; (4) concerns irrelevant and confidential financial, proprietary, or medical information; and (5) represents matters of public record,

Finally, the responses set forth herein are made without waiving the following;

1, The right to object on. the grounds of competency, privilege, relevance, materiality or any other proper ground, to the use of any material produced herein, in whole or in part, for any purpose, in any subsequent proceeding in this action or in any other action;

2. The right to object on any and all proper grounds, at any time, to other requests, or other discovery procedures involving or relating to the subject matter of the requests

responded to herein; and

**Request No. :1:** Any and all weekly activity reports submitted by Plaintiff to Defendant during the Plaintiffs period of employment by Defendant.

**Response to Request No. 1:** Raytheon shall produce, to the extent it has any, responsive documents within its possession, custody or control.

**LEGAL ARGUMENT – See GENERAL LEGAL ARGUMENT above.**

**Request No. 2:** Any and all training transcripts representing completed courses or waivers received by Plaintiff during the Plaintiffs period of employment by Defendant,

**Response to Request No. 2:** Raytheon shall produce, to the extent it has any, responsive documents within its possession custody or control.

**LEGAL ARGUMENT – See GENERAL LEGAL ARGUMENT above.**

**Request No. 3** Any and all goal transcripts completed by Plaintiff during the Plaintiffs period of employment by Defendant.

**Response to Request No. 3:** Raytheon shall produce, to the extent it has any, responsive documents within its possession, custody or control.

**LEGAL ARGUMENT – See GENERAL LEGAL ARGUMENT above.**

**Request No. 4:** Any and all supporting documents such as incident reports not already provided to Plaintiff in regards to or in support of Plaintiffs Third Set of Interrogatories: When such documents have already been provided, please reference such document as support of the associated interrogatory.

**Response to Request No. 4:** See General Objections, In addition to the General Objections, Raytheon objects to Request No, 4 on the grounds that it is repetitive of Plaintiff s First Set of Interrogatories, No. 13, which asked for details of Raytheon's notification to Plaintiff of his deficiencies, and of Plaintiff s First Set of Document Requests, No, 10, which asked for documents identified in response to Plaintiffs Interrogatories, Raytheon has already produced copies of Plaintiff s performance evaluations and any electronic mail messages or Other documentation discussing Plaintiffs performance deficiencies, such as those referenced in Plaintiff s Third Set of Interrogatories.

**LEGAL ARGUMENT – See GENERAL LEGAL ARGUMENT above.**

**Request No. 5:** Provide any and all supporting documents as evidence which substantiate that the characteristic of lengthy and antagonistic as referenced in Interrogatory 16 of Plaintiff s Third Set of Interrogatories was typical of Plaintiff as opposed to an isolated incident, that such characteristic was atypical of other employees, and or that such characteristic was an ongoing behavior of Plaintiff for which Defendant was seeking correction of from Plaintiff to the extent of explaining to Plaintiff how to recognize such flaw?

**Response to Request No. 5:** See General Objections, In addition to the General Objections, Raytheon objects to Request No. 5 on the grounds that it is repetitive of Plaintiffs First Set of Interrogatories, No. 13, which asked for details of Raytheon's notification to Plaintiff of his deficiencies, and of Plaintiffs First Set of Document Requests, No. 10, which asked for documents identified in response to Plaintiffs Interrogatories. Raytheon has already produced copies of Plaintiffs performance evaluations and any electronic mail messages or other documentation discussing Plaintiffs performance deficiencies, including issues regarding the

length and nature of his electronic mail messages, such as that referred to in Interrogator}' 16 as referenced above,

**LEGAL ARGUMENT** – **See GENERAL LEGAL ARGUMENT above.**

**Request No. 6:** Provide any and all supporting documents as evidence which substantiate that the Plaintiff was notified at the time of Exhibit G of the lengthy and antagonistic nature of Exhibit G to the extent of allowing such flaw to be recognized as referenced in, Interrogatory 16 of Plaintiff s Third Set of Interrogatories,

**Response to Request No. 6:** See General Objections. In addition to the General Objections, Raytheon objects to Request No. 6 on the grounds that it is repetitive of Plaintiffs '•pirst Set of Interrogatories, No. 13, which asked for details of Raytheon's notification to Plaintiff of his deficiencies, and of Plaintiff s First Set of Document Requests, No. 10, which asked for documents identified in response to Plaintiffs Interrogatories. Raytheon has already produced copies of Plaintiff s performance evaluations and any electronic mail messages or other documentation discussing Plaintiffs performance deficiencies, including issues regarding the length and nature of his electronic mail messages, such as that referred to in Interrogatory 16 as referenced above.

**LEGAL ARGUMENT** – **See GENERAL LEGAL ARGUMENT above.**

**Request No. 7:** With regard to lengthy as referenced in Interrogatory 17 of Plaintiff's Third Set of Interrogatories, provide any and all dated notifications notifying Plaintiff what constitutes lengthy to Defendant to the extent of enabling Plaintiff to recognize/quantify Defendant's said metric.

**Response to Request No. 7:** See General Objections. In addition to the General Objections, Raytheon objects to Request No, 7 on the grounds that it is repetitive of Plaintiff s

First Set of Interrogatories, No. 13, which asked for details of Raytheon's notification to Plaintiff of his deficiencies, and of Plaintiff s First Set of Document Requests, No. 10, which asked for documents identified in response to Plaintiffs Interrogatories, Raytheon has already produced copies of Plaintiff s performance evaluations and any electronic mail messages or other documentation discussing Plaintiffs performance deficiencies, including issues regarding the length and nature of his electronic mail messages, such as that referred to in Interrogatory 17 as referenced above.

**LEGAL ARGUMENT** – **See GENERAL LEGAL ARGUMENT above.**

**Request No. 8**: With regard to rambling as referenced in Interrogatory 18 of Plaintiffs Third Set of Interrogatories, provide any and all dated notifications notifying Plaintiff what constitutes rambling to Defendant to the extent of enabling Plaintiff to recognise/quantify Defendant's said metric,

**Response to Request No. 8:** See General Objections. In addition to the General Objections, Raytheon objects to Request No. 8 on the grounds that it is repetitive of Plaintiff s First Set of Interrogatories, No. 13, which asked for details of Raytheon's notification to Plaintiff of his deficiencies, and of Plaintiff s First Set of Document Requests, No, 10, which asked for documents identified in response to Plaintiffs Interrogatories. Raytheon has already produced copies of Plaintiffs performance evaluations and any electronic mail messages or other documentation discussing Plaintiffs performance deficiencies, including issues regarding the rambling nature gf his voice mail and electronic mail messages, such as that referred to in Interrogatory 18 as referenced above.

**LEGAL ARGUMENT** – **See GENERAL LEGAL ARGUMENT above.**

**Request No. 9:** Provide any and all supporting documents as evidence which substantiate that the characteristic of rambling as referenced in Interrogatory 19 oFPlamtiff s Third Set of Interrogatories was typical of Plaintiff as opposed to an isolated incident, that such

characteristic was atypical of other employees, and or that such characteristic was an ongoing behavior of Plaintiff for which Defendant was seeking correction of from Plaintiff to the extent of explaining to Plaintiff how to recognise such flaw?

**Response to Request No, 9:** See General Objections, In addition to the General Objections, Raytheon objects to Request No. 9 on the grounds that it is repetitive of Plaintiff s First Set of Interrogatories, No. 13, which asked for details of Raytheon's notification to Plaintiff of his deficiencies, and of Plaintiff s First Set of Document Requests, No. 10, which asked for documents identified in response to Plaintiffs Interrogatories. Raylhcon has already produced copies of Plaintiff s performance evaluations and any electronic mail messages or other documentation discussing Plaintiffs performance deficiencies, including issues regarding the rambling nature of his voice mail and electronic mail messages, such as that referred to in Interrogatory 19 as referenced above,

**LEGAL ARGUMENT – See GENERAL LEGAL ARGUMENT above.**

**Request No. 10:** Provide any and all supporting documents as evidence which substantiate that the Plaintiff was notified at the time of Exhibit H of the rambling nature of Exhibit H as referenced in Interrogatory 19 of Plaintiff s Third Set of Interrogatories to the extent of allowing such flaw to be recognized.

**Response to Request No 10:** See General Objections, In addition to the General Objections, Raytheon objects to, Request No. 10 on the groiinds that it is repetitive of Plaintiff s First Set of Interrogatories, No. 13, which asked for details of Raytheon's notification to Plaintiff of his deficiencies, and of Plaintiff s First Set of Document Requests, No. 10, which asked for documents identified in response to Plaintiff s Interrogatories. Raytheon has already produced copies of Plaintiff s performance evaluations and any electronic mail messages or other

documentation discussing Plaintiffs performance deficiencies, including issues regarding the rambling nature of his voice mail and electronic mail messages, such as that referred to in Interrogatory 19 as referenced above,

**LEGAL ARGUMENT** – **See GENERAL LEGAL ARGUMENT above.**

**Request No. 11:** Provide any and all supporting documents as evidence which substantiate that the characteristic of consuming as referenced in Interrogatory 20 of Plaintiff s Third Set of Interrogatories was typical of Plaintiff as opposed to an isolated incident, that such characteristic was atypical of other employees, and or that such characteristic was an ongoing behavior of Plaintiff for which Defendant was seeking correction of from Plaintiff to the extent of explaining to Plaintiff how to recognize such flaw?

**Response to Request No. 11:** See General Objections, in addition to the General Objections, Raytheon objects to Request No, 11 on the grounds that it is repetitive of Plaintiff s First Set of Interrogatories, No. 13, which asked for details of Raytheon's notification to Plaintiff of his deficiencies, and of Plaintiff s First Set of Document Requests, No. 10, which asked for documents identified in response to Plaintiffs Interrogatories. Raytheon has already produced copies of Plaintiff s performance evaluations and any electronic mail messages or other documentation discussing Plaintiff -s performance deficiencies, including issues regarding the confusing nature of his voice mail and electronic mail messages, such as that referred to in Interrogatory 20 as referenced above,

**LEGAL ARGUMENT** – The word consuming in Interrogatory 11 should be confusing. **See GENERAL LEGAL ARGUMENT above.**

**Request No. 12:** Provide any and all supporting documents as evidence which substantiate that the Plaintiff was notified at the time of Exhibit I of the confusing nature of Exhibit I as referenced in Interrogatory 20 of Plaintiff s Third Set of Interrogatories to the extent

of allowing such flaw to be recognized.

**<u>Response to Request No- 12:</u>** See General Objections. In addition to the General Objections, Raylheon objects to RequestNo. 12 on the grounds that it is repetitive of Plaintiff 3 First Set of Interrogatories, No. 13, which asked for details of Raytheon's notification to Plaintiff of his deficiencies, and of Plaintiff s First Set of Document Requests, No. 10, which asked for documents identified in response to Plaintiffs Interrogatories, Raytheon has already produced copies of Plaintiff s performance evaluations and any electronic mail messages or other documentation discussing Plaintiffs performance deficiencies, including issues regarding the confusing nature of his voice mail and electronic mail messages, such as that referred to in Interrogatory 20 as referenced above.

**<u>LEGAL ARGUMENT</u> – See <u>GENERAL LEGAL ARGUMENT</u> above.**

**<u>RequestNo. 13:</u>** Provide any and all supporting documents as evidence which substantiate that the characteristic of threatening as referenced in Interrogatory 21 of Plaintiff s Third Set of Interrogatories was typical of Plaintiff as opposed to an isolated incident, that such characteristic was atypical of other employees, and or that such characteristic was an ongoing behavior of Plaintiff for which Defendant was seeking correction of from Plaintiff to the extent of explaining to Plaintiff how to recognize such flaw?

**<u>Response to Request</u>** <u>No, 13:</u> See General Objections. In addition to the General Objections, Raytheon objects to Request No. 13 on the grounds that it is repetitive of Plaintiff s First Set of Interrogatories, No. 13, which asked for details of Raytheon's notification, to Plaintiff of his deficiencies, and of Plaintiff s First Set of Document Requests, No. 10, which asked for documents identified in response to Plaintiffs Interrogatories. Moreover, Raytheon states that the electronic mail message referenced in Interrogatory 21 speaks for itself, and no other

responsive documents exist or are necessary to substantiate that the electronic mail message could be characterized as threatening.

**LEGAL ARGUMENT** – Every form of communication whether verbal or written can be perceived in some other way than in which they were intended. The electronic mail message referenced in Interrogatory 21 does not state any goal or objective similar to assault or battery nor does it use the word "threat". **See GENERAL LEGAL ARGUMENT above.**

**Request No. 14:** Provide any and all support documents as evidence which substantiate that the Plaintiff was notified at the time of Exhibit A of the threatening nature of Exhibit A as referenced in Interrogatory 21 of Plaintiff s Third Set of Interrogatories to the extent of allowing such flaw to be recognized,

**Response to Request No. 14:** Plaintiff was notified verbally of the threatening nature of Exhibit A as reference in Interrogatory 21 above, the result of which was that he was asked to be evaluated by a psychiatrist Raytheon has already produced documents substantiating its request for Plaintiff to be evaluated by a psychologist as Exhibits H through K of Heather Lemmon' s affidavit.

**LEGAL ARGUMENT – See GENERAL LEGAL ARGUMENT above.**

**Request No, 15:** Provide any and all supporting documents as evidence which substantiate that the Plaintiff was notified at the time of Exhibit E of the rambling nature of Exhibit E or of the Defendant's inability to understand Exhibit E as referenced in Interrogatory 22 of Plaintiff s Third Set of Interrogatories to the extent of allowing such flaw to be recognized,

**Response to Request No. 15:** See General Objections. In addition to the General Objections, Raytheon objects to Request No, 15 on the grounds that it is repetitive of Plaintiffs First Set of Interrogatories, No. 13, which asked for details of Raythcon's notification to Plaintiff

of his deficiencies, and of Plaintiff 5 First Set of Document Requests, No. 10, which asked for documents identified in response to Plaintiffs Interrogatories. Raytheon has already produced copies of Plaintiff s performance evaluations and any electronic mail messages or other documentation discussing Plaintiffs performance deficiencies, including issues regarding the

rambling nature of his voice mail and electronic mail messages, such as that referred to in Interrogatory 22 as referenced above,

**LEGAL ARGUMENT** – **See GENERAL LEGAL ARGUMENT above.**

**REQUEST NO. 16.**

Provide any and all supporting documents as evidence which substantiate that the Plaintiff was notified at the time of Exhibit D of the lengthy nature of Exhibit D or of the Defendant's inability to understand Exhibit D as referenced in Interrogatory 23 of Plaintiff's Third Set Of Interrogatories to the extent of allowing such flaw to be recognized.

**LEGAL ARGUMENT** – **See GENERAL LEGAL ARGUMENT above.** The Defendant ignored this request entirely.

2/7/2008

Stephen Sammartano
75 Arthur St #4
Pawtucket, RI 02860
401.335.3412
stevesammartano@hotmail.com

Dated: February 7, 2008

CERTIFICATION OF SERVICE

To:

Joseph D Whelan

Hinckley, Allen & Snyder LLP

50 Kennedy Plaza, Suite 1500

Providence, RI 02903

(401) 274-2000

(401) 277-9600 ( fax )

I hereby certify that on the 7th day of February, 2008, a copy of the foregoing document was served by mail on the above-named party.

Stephen Sammartano 2/7/2008

Stephen Sammartano

75 Arthur St #4

Pawtucket, RI 02860

401.335.3412

stevesammartano@hotmail.com