UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STEPHEN T. SAMMARTANO, Plaintiff, | : | |
| v. | : | CA 06-535 S |
| RAYTHEON, Defendant. | : | |

**ORDER**
**DENYING PLAINTIFF'S MOTIONS**
**RELATING TO DISCOVERY**

Before the Court are three motions filed by Plaintiff Stephen T. Sammartano ("Plaintiff"): 1) Motion to Extend Discovery to Resubmit Motion to Compel (Document ("Doc.") #33) ("Motion to Extend"); 2) Motion to Exceed 25 Interrogatories (Doc. #34) ("Motion to Exceed"); and 3) Motion to Compel Reissued with Motion to Exceed Page Limit for Reissuance of Motion to Compel (Doc. #35) ("Second Motion to Compel"). A hearing on these motions was conducted on February 20, 2008.

**Relevant Travel**

Fact discovery in this matter was originally scheduled to close on November 9, 2007. See Pretrial Order (Doc. #10). On October 18, 2007, Plaintiff requested a ninety day extension of this date. See Motion to Extend Discovery (Doc. #14). This request was granted, and the deadline for the close of fact discovery was reset for February 11, 2008. See Docket.

Defendant Raytheon ("Raytheon") filed a motion for summary judgment on November 1, 2008. See Defendant, Raytheon's Motion for Summary Judgment (Doc. #17). Plaintiff's response to the motion for summary judgment was due on November 19, 2007, see Docket, but he moved for and was granted an extension of time to February 4, 2008, see First Objection to Summary Judgement as Obstruction to Due Process as so Deployed and Motion for

Continuance (Doc. #22); Assented to Motion to Reset Summary Judgement Schedule (Doc. #26); see also Docket.

On January 2, 2008, Plaintiff filed a Motion to Compel (Doc. #28) ("First Motion to Compel"), seeking to compel Raytheon to provide essentially the same discovery sought by the instant Second Motion to Compel. The First Motion to Compel was denied on January 28, 2008, without prejudice to being submitted in a form which complied with D.R.I. LR Cv 37(a). See Docket. Plaintiff filed the Motion to Extend, the Motion to Exceed, and the Second Motion to Compel on February 7, 2008.

**Discussion**

Plaintiff has already been granted one extension of discovery, and discovery has now closed. Plaintiff's Second Motion to Compel is thirty-five pages in length and identifies almost fifty individual interrogatories and/or requests for production for which Plaintiff seeks to compel responses or further responses. Some of the interrogatories and/or requests for production seek medical records of non-party employees of Raytheon that are not relevant to the action and are privileged and private. See, e.g., Second Motion to Compel at 1-3. Other requests have multiple subparts even though the subparts are not identified by letters or numbers. See, e.g., id. at 12, 13. Some requests seek reasons why Raytheon and/or its employees considered Plaintiff's emails or other communications to be "rambling," "confusing," "threatening," and "lengthy." See, e.g., id. at 21-22. Whether these adjectives accurately describe Plaintiff's communications are matters which will be decided by the trier of fact based on the communications themselves. Raytheon and/or its employees are not required to provide reasons to support their use of these adjectives.

As the Court indicated to Plaintiff at the hearing on February 20, 2008, if there were some specific discovery which

Plaintiff believed he needed to respond further to the motion for summary judgment, the Court was willing to consider such specific requests. <u>See</u> Tape of 2/20/08 Hearing. To the extent that Plaintiff responded to this inquiry, none of the discovery which Plaintiff identified was in the Court's view relevant to the motion for summary judgment.

**Conclusion**

Given that fact discovery has closed and that the discovery sought in the Second Motion to Compel is irrelevant, unduly burdensome, or otherwise not proper, the Second Motion to Compel is DENIED. For the same reasons, the Motion to Extend and the Motion to Exceed are also DENIED.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
February 20, 2008